In the Matter of BURTON B. ROBERTS, as District Attorney of Bronx County, Petitioner, *v.* COUNTY COURT OF WYOMING COUNTY et al., Respondents.

Fourth Department, June 29, 1972.

*Dwight D. Darcy* for petitioner.

*Burton N. Pugach,* respondent in person.

*Hayden H. Dadd* for County Court of Wyoming County and another, respondents.

GOLDMAN, P. J.   This is an original proceeding commenced by Burton B. Roberts, as District Attorney of Bronx County, pursuant to CPLR 7804 (subd. [b]), seeking a writ of prohibition against the County Court of Wyoming County and County Judge JOHN B. CONABLE.   The District Attorney seeks to restrain respondent County Judge from allegedly acting in excess of his jurisdiction and authority with respect to his order granting a writ of habeas corpus to relator Burton N. Pugach.   The habeas corpus writ was sustained to the extent of ordering a hearing to be held in Bronx County with regard to relator Pugach's mental capacity to stand trial at the time of his trial and original conviction in Bronx County in 1962 on charges of assault, burglary, maiming and conspiracy.

In its decision filed August 12, 1971, County Court agreed with relator's contention that he was denied his fundamental constitutional rights at the time of his trial.   Pugach maintained that he did not have a fair trial in that he was not permitted to have the hearing concerning his mental ability to stand trial presided over by a Judge other than the same Judge who presided at relator's trial.   In granting the writ, Judge CONABLE ordered that Pugach be remanded to the authorities of Bronx County so that he might have a new hearing as to his sanity at the time of the trial in 1962.   The County Court order provided that, pursuant to *People* v. *Hudson* (19 N Y 2d 137), the relator should have his hearing before a Judge other than Judge MARTINIS, who presided at Pugach's trial and at the original sanity hearing (33 Misc 2d 938).

The ordered mental capacity hearing was commenced in Bronx County before Acting Supreme Court Justice MELIA on March 6, 1972 and the District Attorney appeared and participated in the hearing.   The hearing was adjourned to March 13, 1972 and again to April 18, 1972.   On April 14, 1972 this court, upon

application of petitioner, stayed all further proceedings, pending the hearing and determination of the present application for the writ of prohibition.

At the outset two threshold procedural issues must be resolved. The first concerns the availability of the remedy of prohibition to petitioner. The second question involves respondent's allegation that the affirmative defense of the Statute of Limitations bars the present proceeding irrespective of whether a proceeding in the nature of a writ of prohibition is considered to be an appropriate remedy in the instant situation.

Prohibition is an extraordinary remedy issued in the sound discretion of the court where the grievance cannot adequately be redressed by ordinary proceedings at law or in equity (*Matter of Lawrence* v. *Supreme Ct. of State of N. Y., County of N. Y.,* 24 A D 2d 849; see, also, *People ex rel. Mayor of City of N. Y.* v. *Nichols,* 79 N. Y. 582; 23 Carmody-Wait 2d, New York Practice, § 145.214, p. 785). However, it is well established that prohibition is an appropriate remedy to restrain a court from exceeding its authorized powers in a proceeding over which it has original jurisdiction, as well as restraining a court from the unwarranted assumption of jurisdiction (*Matter of Proskin* v. *County Ct. of Albany County,* 30 N Y 2d 15; *Lee* v. *County Ct. of Erie County,* 27 N Y 2d 432; *Matter of Hogan* v. *Court of General Sessions,* 296 N. Y. 1). Applying these principles, it is clear that prohibition would here be a proper vehicle if it were established that petitioner lacked an adequate remedy at law, such as appeal. Petitioner contends that if he proceeded by way of appeal, he would have suffered irreparable injury and, therefore, that remedy would be manifestly inadequate.

The original Wyoming County Court order remanding relator to Bronx County for a hearing was entered on September 3, 1971. The District Attorney took no action with respect to this order until about five months later when he moved for reargument, which was denied on February 12, 1972. It was only after the Wyoming County Court refused to permit reargument that petitioner filed a notice of appeal. This did not cure the failure to appeal from the original order. It is well settled that the denial of motion to reargue is not appealable and the aggrieved party may only appeal from the original order, if it is timely made (*Roberts* v. *Connelly,* 35 A D 2d 813; *Matter of Foglia,* 32 A D 2d 836; 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 5514.03, 5701.23; 10 Carmody-Wait 2d, New York Practice, § 70.42, p. 310). Accordingly, petitioner's contention that appeal is an inadequate remedy is only true insofar as petitioner himself failed to perfect his appeal timely. This is clearly an

improper ground on which to sustain an application for a writ of prohibition. To do so would circumvent the time requirements of the appeal process.

Moreover, there is no merit to petitioner's unsupported assertion that " an appeal from this order is not possible until a final determination of the writ is had ". All of the issues are before us on this application and nothing remains to be determined by this court after this decision. Therefore, the application for the writ of prohibition should be denied on the ground that petitioner failed to take advantage of the available procedure of appeal. (See, also, *Matter of Marra* v. *County Ct. of County of Genesee,* 17 A D 2d 902.)

The second procedural issue involves respondent's contention that the instant application is barred by the four-month Statute of Limitations set forth in CPLR 217. Petitioner has not responded to this contention in any of the papers submitted here. It appears that the resolution of this question is a matter of first impression for an appellate court in this State. CPLR 217 provides in pertinent part, as follows: " A proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner ". It would seem from this language that there is a period of limitation of four months applicable to all proceedings brought against a body or officer in an article 78 proceeding. However, one of the leading treatises in the field, Weinstein-Korn-Miller, states otherwise. In Weinstein-Korn-Miller (vol. 8, N. Y. Civ. Prac., par. 7804.02) the authors make the following comments concerning the re-enactment of section 1286 of the former Civil Practice Act, without substantial modification, in CPLR 217: " It carries forward the scheme of Article 78 as enacted in 1937, so that the same basic four-month limitation period applies to relief in the nature of certiorari or mandamus *and no limitation provision applies to relief in the nature of prohibition* " (emphasis added) (citing Third Annual Report of N. Y. Judicial Council, 1937, p. 183).

A different point of view, however, is expressed in the writings of two other substantial authorities. In Carmody-Wait 2d, New York Practice (vol. 24, § 145 :237, p. 11) the authors state that although CPLR 217 was meant to re-enact section 1286 of the Civil Practice Act without substantial change, nevertheless, the four-month period of limitations must be viewed as being equally applicable to prohibition as it is in dealing with mandamus and certiorari. Professor Joseph M. McLaughlin in the Practice Commentaries to CPLR 217 (McKinney's Cons. Laws of N. Y., Book 7B, p. 508) adopts a position somewhat between Weinstein-

Korn-Miller and Carmody-Wait. He states that it is clear that the period of limitations is four months for an action in the nature of a writ of prohibition, but that uncertainty arises with respect to what event triggers the running of the statute.

These three positions are all supported by a substantial amount of logic. However, we are constrained to adopt the opinion that due to the extraordinary nature of the writ, its application should be controlled by the exercise of the sound discretion of the court in each case. The length of the period of limitation should depend on the particular facts of each proceeding. Threatened excesses of judicial authority in a proper case might well be restrained even after the expiration of the four-month period. However, where the petitioner has delayed the commencement of the proceeding beyond the time reasonably necessary to protect his rights, the remedy should be denied in the exercise of the court's discretion. If it were necessary to bottom our decision on the theory that the petitioner did not commence this proceeding within a reasonable time after the filing of the Wyoming County Court's order on August 12, 1971, we would so hold. The District Attorney is not an unsophisticated litigant and should be expected to act promptly in a proceeding such as the one at bar. Although we would be amply justified in dismissing the proceeding by reason of the time limitation, there are sufficient other grounds for its dismissal.

It is petitioner's central contention in this proceeding that the underlying order which granted the relator's writ of habeas corpus is invalid for two reasons: (1) because the basis of the relator's writ amounted to no more than a claim of denial of due process at the trial level, and as such was cognizable exclusively under a writ of error *coram nobis* in the county of conviction; and (2) because the Wyoming County Court lacked fundamental authority to order a sanity hearing to be held in Bronx County. Consequently, petitioner urges that the relator's selection of habeas corpus as a vehicle for relief was incorrect, and that the writ should have been denied either with leave to renew as a motion to vacate judgment in Bronx County pursuant to CPL 440.10 or nominate the petition as an application for a writ of error *coram nobis* and transfer the proceeding to Bronx County. Respondent, on the other hand, contends that the procedure by way of habeas corpus was proper in the instant case notwithstanding the fact that other remedies may also have been available to relator at the time he commenced the underlying proceeding. Respondent, therefore, asserts that even if this court does not choose to dismiss petitioner's application for the two

procedural reasons previously discussed, nevertheless, the court should deny the writ of prohibition on the ground that the Wyoming County Court did not exceed its authority or jurisdiction by granting the underlying writ of habeas corpus to the extent of ordering the Bronx County hearing.

Responding to petitioner's second argument, the law is clear that the Wyoming County Judge was well within his judicial authority to order that a hearing be had in another court of original jurisdiction in the State of New York. This particular question has been directly determined in *People ex rel. Prosser v. Martin* (306 N. Y. 710, 711). In that case the Court of Appeals unanimously affirmed the determination of this court (281 App. Div. 1008) which affirmed an order of the Wyoming County Court in a habeas corpus proceeding directing that "if the Oswego County authorities take no further proceedings upon the conviction of the relator * * * then the writ of habeas corpus herein be, and the same hereby is, sustained, and that the relator be released from custody". The Court of Appeals noted that the Oswego County authorities had failed and refused to obey or recognize the orders of the Wyoming County Court on the grounds that the latter court had exceeded its authority and jurisdiction in the proceeding. Nevertheless, the Court of Appeals held that the Wyoming County Court order directing the release of the relator if the Oswego County authorities failed to act by a certain date was proper and within the authority of that court.

The same principle was reaffirmed by this court in *People v. De Wolf* (3 A D 2d 969) which involved a determination of the Wyoming County Court in a habeas corpus proceeding which directed that the appellant be remanded to the Onondaga County Court for further proceedings with respect to his conviction in that court. The Onondaga court held that the determination of the Wyoming County Court was without jurisdiction and in excess of its authority and, therefore, refused to carry out that court's order. This court unanimously reversed, holding: "We deem that the law of the case is the determination of the Wyoming County Court which, under fundamental principles, must be heeded by all courts of original jurisdiction in this State." (Citing *People ex rel. Prosser v. Martin,* 306 N. Y. 710.)

Accordingly, the Wyoming County Court has authority to remand a prisoner to the authorities of another county and to order that certain proceedings be had in any court of original jurisdiction in the State where the matter before the court is properly cognizable in a habeas corpus proceeding. Therefore,

the only remaining question concerns the appropriateness of habeas corpus as a remedy in the instant case.

The leading case with respect to the availability of habeas corpus as a permissible remedy is *People ex rel. Keitt* v. *McMann* (18 N Y 2d 257). Briefly, the Court of Appeals held that the writ of habeas corpus was an appropriate remedy to test a claim that the relator has been imprisoned after having been deprived of a fundamental constitutional or statutory right in a criminal prosecution. A caveat was added to the effect that while cases may arise where the right to invoke habeas corpus may take precedence over procedural orderliness and conformity, nevertheless habeas corpus is not to be considered the only or preferred means of vindication of fundamental constitutional or statutory rights. The key portion of that decision limiting the range of the remedy, despite its admittedly broadened scope, maintains that (p. 262): "Departure from traditional orderly proceedings, such as appeal, should be permitted only when dictated, as here, by reason of practicality and necessity." (See, also, *People ex rel. Hannon* v. *Ryan,* 34 A D 2d 393, 396.)

In the instant case the first criteria for the use of habeas corpus is conceded, that is, the allegation that the relator's imprisonment resulted at least in part from a deprivation of his fundamental constitutional rights. (See, e.g., *Pate* v. *Robinson,* 383 U. S. 375; *People* v. *Hudson,* 19 N Y 2d 137, *supra.*) Therefore, the only other question to be examined concerns the "practicality and necessity" of using habeas corpus as a remedy in the present case. In order to determine just how that phrase has been applied by the courts since *People ex rel. Keitt* v. *McMann* (*supra*), we have examined the subsequent cases relying on that decision. One central thread can be discerned from all the decisions which have denied the remedy of habeas corpus in reliance on *Keitt* (*supra*). That is, where there is an appeal pending or where an appeal has already adjudicated the very issues asserted in the petition, the courts have denied the remedy on the grounds that there is no justification in practicality or necessity to permit the same questions to be litigated anew by way of habeas corpus. (See, e.g., *People ex rel. Blair* v. *Deegan,* 34 A D 2d 1088, mot. for lv. to app. den. 27 N Y 2d 486; *People ex rel. Singleton* v. *Deegan,* 31 A D 2d 769, mot. for lv. to app. den. 25 N Y 2d 741; *People ex rel. Gonzalez* v. *Deegan,* 29 A D 2d 865, mot. for lv. to app. den. 22 N Y 2d 642; *People ex rel. Finney* v. *Follette,* 37 A D 2d 575; *People ex rel. Green* v. *Conboy,* 35 A D 2d 1023; *People ex rel. Glover* v. *Casscles,* 34 A D 2d 987; *People ex rel. Spindel* v. *La Vallee,* 33 A D 2d 968; *People ex rel. Bray* v.

*Deegan,* 32 A D 2d 940; *People ex rel. Smith* v. *La Vallee,* 29 A D 2d 248; *People ex rel. Blyden* v. *Denno,* 28 A D 2d 683.)

Therefore, it must be emphasized that while habeas corpus is not a substitute for the timely and orderly procedure of appeal (*People ex rel. Kern* v. *Silberglitt,* 4 N Y 2d 59, 62; *People ex rel. Hannon* v. *Ryan,* 34 A D 2d 393, 396, *supra*); *People ex rel. Keitt* v. *McMann,* 18 N Y 2d 257, *supra*), nevertheless, it should not be considered subservient to procedural limitations which glorify form over substance. Consequently, while some form of alternative relief, such as *coram nobis,* might also have been available to the relator in the present case (cf. *People* v. *Warren,* 34 A D 2d 1020), this should not foreclose the relator from proceeding by way of habeas corpus. No authority can be found for the proposition that *coram nobis* is the exclusive remedy available in the instant case, as has been held in some other situations (*People ex rel. Sedlak* v. *Foster,* 299 N. Y. 291, 294; *People ex rel. Negron* v. *Herold,* 34 A D 2d 1047). The ends of justice are served by holding that habeas corpus is also an appropriate means of raising the present grounds for post-conviction relief. (See, e.g., *People ex rel. Combs* v. *La Vallee,* 29 A D 2d 128, app. dsmd. 22 N Y 2d 857; *People ex rel. La Belle* v. *Harriman,* 35 A D 2d 13.) Therefore, not only do reasons of practicality and necessity justify the use of the remedy in the instant case, but any other result would be violative of our concept of a traditional sense of orderliness and fair play. Consequently, habeas corpus is an appropriate remedy in this case.

Petitioner's application for a writ of prohibition against the order of the Wyoming County Court should be denied and the petition dismissed.

DEL VECCHIO, MARSH, GABRIELLI and MOULE, JJ., concur.

Application unanimously denied and petition dismissed without costs.