■ ISLAND PARK TAXPAYERS & PROPERTY OWNERS ASSOCIATION, INC., et al., Appellants, v. CONSTANTINO SACINO et al., Respondents.— In this action for a judgment (1) declaring invalid a determination of the Zoning Board of Appeals of the Village of Island Park, rendered November 22, 1965, granting an application by defendant Sacino to permit him to use his property, zoned as residential, as a commercial parking lot and (2) to enjoin defendant Sacino from using his property as a parking lot, supermarket and warehouse, plaintiffs appeal from an order of the Supreme Court, Nassau County, entered April 3, 1972, which granted defendants' separate motions to dismiss the complaint under CPLR 3211. Order affirmed, with one bill of $20 costs and disbursements to defendants jointly. CPLR 3001 provides that the Supreme Court may render a declaratory judgment as to the rights of the parties to a justiciable controversy, whether or not further relief is or could be claimed, and that if the court declines to render such a judgment it shall state its grounds. In our opinion, the complaint properly was dismissed for the following primary reason: The appropriate remedy to review the determination here in question has been a proceeding under article 78 of the CPLR. (Village Law, § 179-b; *Siegel* v. *Lassiter*, 6 A D 2d 879, mot. for lv. to app. den. 5 N Y 2d 709; *Tarrant* v. *Incorporated Vil. of Roslyn*, 10 A D 2d 37, 39 affd. 8 N Y 2d 1129.) Such a proceeding was instituted by plaintiff Ferrante in December, 1965 and resulted in a final judgment in favor of the defendant Zoning Board of Appeals dismissing the petition. The instant declaratory judgment action

seeking similar relief several years later thus was barred (cf. *Bloome* v. *Glasser*, 33 A D 2d 563, affd. 26 N Y 2d 864). Moreover, assuming that this declaratory judgment action for similar relief might be instituted notwithstanding the dismissal of the prior article 78 proceeding, nevertheless, in our opinion, this action properly was dismissed for the following additional reasons: (1) Plaintiffs have been guilty of laches; defendant had the right to rely on the determination made several years ago in the article 78 proceeding (*Guibord* v. *Guibord*, 2 A D 2d 34, 36); and (2) plaintiffs are not aggrieved parties who properly could seek to annul the Zoning Board of Appeals' determination now complained of again (cf. *Matter of Property Owners Assn. of Garden City Estates* v. *Board of Zoning Appeals of Inc. Vil. of Garden City*, 2 Misc 2d 309, 312). As to the causes for injunctive relief, an action therefor is not the proper remedy to review a determination by a zoning board of appeals permitting by variance or special exception a nonconforming use of property (*Kempner* v. *Patsy Bello Nurseries*, 31 A D 2d 748). Nothing herein contained shall be deemed as authority for defendant Sacino to extend his present commercial use of the subject property. This decision only confirms the extent of the commercial use of the property up to the date of the institution of this action. Any material change of the extent of the commercial use by Sacino of the property after that date shall be subject to the zoning laws of the defendant Village of Island Park. Martuscello, Acting P. J., Latham, Gulotta, Brennan and Benjamin, JJ., concur.