Jasen, J.
Wegman Enterprises, Inc.,, as contract-vendee, petitioned the respondent Town Board of the Town of Gates to rezone approximately 12 acres of land from an B.-8A residential classification to a B-l commercial classification. The purpose of the rezoning was to permit development of the site as a retail shopping center for a Wegmans Food Market and other stores. After a hearing, the town hoard resolved to rezone the property, hut imposed a series of conditions upon its rezoning. The -most pertinent of the conditions,[1] which had given rise to this appeal, is the condition which provides “ [t]hat said application for the construction of a retail supermarket by Wegman Enterprises, Inc., and related commercial structures, shall inure to the benefit of Wegman Enterprises, Inc., only, and for that specific purpose only.”
Petitioners sought to invalidate the change in zoning as being arbitrary and capricious and not in accord with the comprehensive town plan adopted in 1963. When the matter first reached the Appellate Division (40 A D 2d 754), the court remitted it “to the Town Board for further proceedings to demonstrate that i£ acted in accordance with a comprehensive plan.” Upon remand, the town board reaffirmed the new zoning classification, setting forth the reasons for the rezoning — that the population of the town had increased, the area surrounding the parcel was already commercially developed, and that a shopping complex would further the general welfare of the community. Once again the petitioners challenged the town board’s action, but the Appellate Division (43 A D 2d 899, 900) dismissed the petition, finding “ that the action of the Town Board in adopting the zoning change was not arbitrary or capricious and was in accordance with the general comprehensive planning of the town ”.
*105 While it is a fundamental principle of zoning that a zoning board is changed with the regulation of land use and not with the person who owns or occupies it (see Matter of Wenrib v. Weisler, 27 N Y 2d 592, affg. 33 A D 2d 923; 1 Rathkopf, Law of Zoning and Planning, p. 1-24), we recognize that customarily, as is here illustrated, when a change of zone, a variance or a special permit is sought, there is a specific project sponsored by a particular developer which is the subject of the application. As a practical matter, the application is usually predicated on a particular type structure, often accompanied by architectural renderings, for a particular use by a specific intended user. In the usual case, the application and accompanying graphic material come to constitute a series of representations frequently bolstered at the hearing by additional promises or assurances made to meet objections there raised. Throughout, attention focuses on the reputation of the applicant and his relationship to the community and the particular intended use. And all too often the administrative or legislative determination seems to turn on the identity of the applicant or intended user, rather than upon neutral planning and zoning principles.
The error in this approach, however, is lack of adherence to the fundamental rule that zoning deals basically with land use and not with the person who owns or occupies it. (See Matter of Weinrib v. Weisler, supra; Vlahos Realty Co. v. Little Boar’s Head Dist., 101 N. H. 460, 463; Mayor v. Poe, 224 Md. 428, 433; 1 Rathkopf, Law of Zoning and Planning, p. 1-24.) While it is proper for a zoning board to impose appropriate conditions and safeguards in conjunction with a change of zone or a grant of a variance or special permit (cf. Church, v. Town of Islip, 8 N Y 2d 254), such conditions and safeguards must be reasonable and relate only to the real estate involved without regard to the person who owns or occupies it.
We believe that the resolution of the town board which provides that the rezoning of the land in question “ shall inure to the benefit of Wegman Enterprises, Inc., only ”, is plainly personal to Wegmans itself and does not relate to the use of the property and the zoning thereof. In response to a question posed by a member of the town board during the hearing upon the application, the town attorney stated that the rezoning “ cannot be used by any other individual or Corporation ” and *106 that the site would revert back to its previous restricted classification if for any reason Wegmans should not proceed with the development.
A subsequent resolution[2] by the town board, passed upon remand from the Appellate Division on the first appeal to that court, and intended to clarify the basis for the rezoning, cannot cure this patent deficiency which is prima facie evidence of spot zoning in its most maleficent aspect. (Rodgers v. Village of Tarrytown, 302 N. Y. 115, 124; see Baylis v. City of Baltimore, 219 Md. 164,166,167; of. Hubbard v. Raynor, N. Y. L. J., Jan. 13,1959, p. 15, col. 3.)
We hold, therefore, that the condition imposed by the town board — that the change of zone “ shall inure to the benefit of Wegman Enterprises, Inc., only ” — is Improper and unauthorized by law.
Accordingly, the order of the Appellate Division should be reversed, with costs, the petition granted and the matter remitted to the Supreme Court, Monroe County, with instructions to remand to the Town Board of the Town of Gates for reconsideration of the application.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order reversed, with costs, petition granted and matter remitted to Supreme Court, Monroe County, for further proceedings’ in accordance with the opinion herein.

. The remaining conditions provided that development occur within two years, that the Town Planning Board before granting final approval of the site plan take cognizance of the suggestions of the Monroe County Planning Commission, that certain buffers be provided, that expensive signal lights he installed, that architecture be of a colonial type and style, that the entire building perimeter be brick, no deliveries to be made after certain hours, that trash and garbage be handled by mechanical compactor and not be stored in the open, that extensive screening and landscaping be performed, that a particular type of nonglare lighting be provided, and finally, that no gasoline dispensing service station be installed.

. The subsequent resolution, which did not revoke the personal grant of rezoning to Wegman, provides in pertinent part: “If the applicant should choose not to develop the parcel as proposed and approved by the Town Board it was and is the intention of this Board that any other developer would be acceptable provided that development plans and standards as proposed by the applicant would be of the same caliber as were approved by this Board."