Jasen, J. (dissenting).
The question before us is not whether adequate housing should be provided for our aged citizens, but, rather, whether a town board may restrict the use of land solely for the benefit of the aged. While I fully agree with the majority that providing adequate housing for the aged is a matter of grave public concern, I believe that the town board, in attempting to alleviate this problem, exceeded its zoning powers by creating a land use classification based solely upon age.
It has long been the rule that a town’s zoning power, if it is to be exercised lawfully, "must be founded upon a legislative delegation to so proceed, and in the absence of such a grant will be held ultra vires and void”. (Golden v Planning Bd. of *489 Town of Ramapo, 30 NY2d 359, 370.) Section 261 of the Town Law, the statutory grant of power to towns to enact and enforce zoning regulations, does, as the majority correctly notes, empower a town board to regulate and restrict the use of land "[f]or the purpose of promoting the health, safety, morals, or the general welfare of the community”. However, a town board’s powers under this section are not infinite; rather, a town board is empowered by this section only to "regulate and restrict the height, number of stories and size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts, and other open spaces, the density of population, and the location and use of buildings, structures and land for trade, industry, residence or other purposes”. (Emphasis added.) The town law empowers a town board to regulate the use, not to specify the users. (Cf. Matter of Dexter v Town Bd. of Town of Gates, 36 NY2d 102.) Nothing in the statute authorizes adoption of a zoning ordinance which restricts the age of those who may reside in a structure (cf. Taxpayers Assn. of Weymouth Twp. v Weymouth Twp., 125 NJ Super 376) or which limits the use of a district to a particular class of persons (cf. Hinman v Planning & Zoning Comm., 26 Conn S 125).[1] "Zoning officials properly concern themselves with the uses of land—with, for example, the number and kind of dwellings to be constructed in a certain neighborhood or the number of persons who can reside in those dwellings. But zoning authorities cannot validly consider who those persons are * * * whether they are Negro or white, Catholic or Jew, Republican or Democrat, married or unmarried.” (Village of Belle Terre v Boraas, 416 US 1, 14-15 [Marshall, J., dissenting] [emphasis added].) To this list I would add "young or old”.
Moreover, not only is "age, in and of itself * * * just as irrelevant a consideration insofar as zoning is concerned as is race, color, creed or physical condition” (Matter of Central Mgt. Co. v Town Bd. of Town of Oyster Bay, 47 Misc 2d 385, *490 387, affd 24 AD2d 881), but it clearly favors a class without any apparent justification in violation of the equal protection clause of the Fourteenth Amendment. (Cf. Taxpayers Assn. of Weymouth Twp. v Weymouth Twp., 125 NJ Super 376, supra; Shephard v Woodland Twp. Committee & Planning Bd, 128 NJ Super 379.) Not only is the record devoid of any need for such a limiting classification,[2] but it is evident that adequate housing for the aged in the Town of Huntington can clearly be provided within the existing town zoning framework by constructing the necessary facilities for retired persons in an area already zoned for multiple dwellings, without creating an unauthorized land use classification based solely upon age.
Accordingly, I would reverse.
Chief Judge Breitel and Judges Gabrielli, Jones and Cooke concur with Judge Fuchsberg; Judge Jasen dissents and votes to reverse in a separate opinion in which Judge Wachtler concurs.
Order affirmed, with costs.

. The majority correctly notes that other uses are permitted in a R-RM Residence District and that in a strict sense, therefore, the uses in such a zone are not limited solely to a retirement community district. However, an examination of the other permissible uses (single-family houses on two-acre minimum plots, and such other low-density uses as farms, churches, schools, libraries, and certain municipal uses) reveals that the proposed retirement community, a high-density, multiple dwelling use, is clearly the highest and best use and would be significantly more profitable than the other permitted low-density uses. The practical effect, and apparently the intended effect, is to limit usage in this district to such a retirement community.

. It should be further noted that the ordinance here does not define "aged persotis”. The term "aged persons”, therefore, may be so vague as to make the ordinance incapable of rational application.