CLAYTON F. PHILLIPS et al., Respondents, v VILLAGE OF ORISKANY, Appellant.

Fourth Department, April 15, 1977

*Kernan & Kernan (Joseph S. Deery, Jr.,* of counsel), for appellant.

*Lockwood & Lockwood (Timothy D. Lockwood* of counsel), for respondents.

WITMER, J. In this action for a declaratory judgment defendant, Village of Oriskany, moved for dismissal of the complaint for failure, among other things, to state a cause of action, and plaintiffs cross-moved for summary judgment for the relief prayed for in the complaint. Special Term denied defendant's motion and granted plaintiffs' cross motion; and defendant appeals.

In granting plaintiffs' cross motion the court merely ordered that "plaintiffs have judgment for the relief demanded in the complaint". The complaint prayed for judgment declaring (1)

that the use of such premises is a valid nonconforming use which can be legally transferred, (2) in the alternative, that the zoning ordinance of the defendant village, particularly article IX thereof, is unconstitutional and void and that it does not restrict plaintiffs; and (3) that the determination of defendant's zoning board of appeals, dated September 19, 1974 is null and void.

Although the court's order did not specify whether it adopted item (1) or (2) of plaintiffs' alternative prayers for relief, its memorandum decision makes it clear that the court adopted item (2), by declaring that section 25 of article IX of the ordinance is unconstitutional because of the provision that all nonconforming uses of land shall be discontinued within two years after its effective date, and any change must be from a nonconforming use to a conforming use.

The record shows that in 1959 plaintiff Clayton F. Phillips was using his property for a restaurant and soda fountain operation. In 1962 defendant enacted its zoning ordinance which placed the property in an R-2 District. In 1965 plaintiff obtained a liquor license and converted use of his property to that of a restaurant and tavern. Because of alleged protests by neighbors and the change in use, defendant brought action against Phillips in 1969 to enjoin him from continuing the operation of his tavern business on the property. Defendant alleges that the action was settled and discontinued by Phillips' agreement to accept a limited variance for continuance of the tavern business in the premises only so long as he should continue to operate it; and in accordance with that settlement defendant's zoning board of appeals on June 10, 1969 granted a variance to Phillips for such use, but "only so long as said premises shall be operated as a restaurant and/or tavern by the applicant". Phillips continued to operate the tavern under such variance, and in 1974 he entered into a contract to sell the property and business to plaintiff Dean F. Burth on condition that the variance to operate the tavern would be extended to Burth. On September 19, 1974 Burth's application to the zoning board of appeals for such extension of the variance was denied; and plaintiffs then instituted this action.

After Special Term's order denying defendant's motion to dismiss the complaint and granting summary judgment thereon to plaintiffs, defendants moved for reargument. The court denied the motion; and defendant also appeals from such order of denial.

An order denying a motion for reargument is not appealable *(Matter of Roberts v County Court of Wyoming County,* 39 AD2d 246, 248, affd 34 NY2d 246). In any event, such a motion is made on the papers submitted on the original motion, and new facts may not be presented thereon (7 Weinstein-Korn-Miller, NY Civ Prac, par 5701.23). Thus, additional facts contained in the papers in support of and in opposition to the motion for reargument may not be considered on this appeal.

In its memorandum decision Special Term concluded that the 1969 action by the village against Phillips to enjoin his operation of the tavern was settled upon owner Phillips' agreement to accept the variance as limited to the time that he personally should continue to conduct the business; but the court made no formal finding or order in this respect. Phillips has not cross-appealed. Although not admissible on this appeal, we note that in his affidavit in opposition to the motion for reargument Phillips denied knowledge of any such settlement agreement.

Insofar as Special Term granted judgment respecting item (3) of the relief requested, to wit, that the determination on September 19, 1974 by the zoning board of appeals denying an extension of the variance was void and insofar as it declared that the restriction in the 1969 variance should have no legal significance, the judgment is a nullity, for the zoning board of appeals was not made a party to this action and the court was without jurisdiction to make such adjudication. Moreover, such review of a variance must be had through an article 78 proceeding (Village Law, § 7-712, subd 3; *Island Park Taxpayers & Prop. Owners Assn. v Sacino,* 42 AD2d 729; *Siegel v Lassiter,* 6 AD2d 879, mot for lv to app den 5 NY2d 709), and with respect to the 1974 determination it must be instituted within 30 days (Village Law, § 7-712, subd 3). The same statute also is a bar to an action for declaratory judgment for such review *(Verbanic v Nyquist,* 41 AD2d 466; *Matter of Smith Co. v Ingraham,* 32 AD2d 188).

With respect to item (2) of plaintiffs' prayer for relief, that is, that section 25 of article IX of the Zoning Ordinance is unconstitutional, we must consider two sentences in that section. The sentence upon which the court specifically relied to find that the section is unconstitutional is, "All non-conforming uses of land shall be discontinued within two (2) years after the effective date of this ordinance as amended", etc.

That provision of the ordinance was not invoked by defendant or the zoning board of appeals in this case, and so there was no occasion for the court to rule thereon. Assuming that Special Term is correct in its view that the above provision of the ordinance is invalid and unconstitutional (see *Matter of Dexter v Town Bd of Town of Gates,* 36 NY2d 102, 105; *Matter of Weinrib v Weisler,* 27 NY2d 592; *Matter of Hickox v Griffin,* 298 NY 365; 2 Anderson, New York Zoning Law and Practice, §§ 18.21 [p 30], 18.52 and 18.55), the question of the validity thereof is not in this case, and the court erred in ruling thereon (see 11 Carmody-Wait 2d, NY Prac § 71:114; *Bauer v Bauer,* 55 AD2d 895).

The sentence in section 25 of article IX of the ordinance which is relevant to this case is that, "A non-conforming use of land shall not be changed to another non-conforming use". The change from a restaurant and soda fountain business in 1965 to a tavern in which liquor was dispensed was clearly a change of use, and that was the basis for the zoning board's denial of the variance to plaintiff Burth. An ordinance may forbid such a change of use *(Matter of Off Shore Rest. Corp. v Linden,* 30 NY2d 160, 166; *Town of Onondaga v Hubbell,* 19 Misc 2d 999, [DEL VECCHIO, J.], affd 9 AD2d 1024, revd on other grounds 8 NY2d 1039); and this change violated the 1962 ordinance. Thus, the court erred in declaring any part of section 25 of article IX of the ordinance unconstitutional.

It remains to consider item (1) of plaintiffs' prayer for relief, to wit, that the changed nonconforming use is transferable. Plaintiffs rely on the variance granted to Phillips in 1969, containing the limitation that it was valid only so long as he personally operated the tavern. They assert that the limitation was and is unlawful (see *Matter of Dexter v Town Bd. of Town of Gates,* 36 NY2d 102, 105, *supra,* and cases cited therewith). Assuming that such limitation is invalid if not agreed to by the owner, here it has been claimed that the variance was granted only on condition that Phillips accept it with that limitation. The variance was granted in 1969 as so restricted, and clearly owner Phillips accepted it as such without protest and used his property by virtue thereof for several years. On this record, the court having accepted defendant's contention that its 1969 action to enjoin Phillips from changing his nonconforming use to include operation of a tavern was settled by the parties agreeing that the zoning

board of appeals would grant to Phillips a variance limited to his personal use, which it then did, and Phillips not having cross-appealed herein, it might be held that he is bound by the settlement (see *Sears v Grand Lodge A.O.U.W.,* 163 NY 374, 379; *Matter of R. T. Subway Constr. Co. v Craig,* 199 App Div 45, 52, affd 233 NY 544; 8 NY Jur, Compromise and Settlement, § 17). However, we do not choose to rest our decision on that ground.

Plaintiffs Phillips and Burth instituted this declaratory judgment action, in part, in the nature of a collateral attack upon the 1969 variance. Special Term ruled that the ordinance was unconstitutional, because of a provision therein which was not invoked by defendant and so was not in issue. The court did not rule, and had no jurisdiction to rule, upon the validity and extent of the variance. Had the zoning board of appeals been made a party to this action, it might have asserted that the variance was granted upon the condition that it be personal to Phillips and, if Phillips then denied that he so understood it, the zoning board of appeals might have claimed that the variance was granted under a mutual mistake of fact and so have demanded rescission of the variance. Assuming that in such event rescission were granted, there would then have been no 1969 limited variance in effect and, thus, the change of use from soda fountain to liquor dispensing tavern in 1965 would constitute sufficient ground for denying the requested variance *(Incorporated Vil. of Laurel Hollow v Laverne Originals,* 283 App Div 795, affd 307 NY 784; 1 Anderson, New York Zoning Law and Practice, § 6.21). It is thus demonstrated that the failure to join the zoning board of appeals as a party to this action deprived the court of jurisdiction to grant the judgment that it did with respect to item (1) of the prayer for relief, assuming that the order may be interpreted as granting that item of the prayer for relief.

The order granting plaintiffs' cross motion for summary judgment as demanded in their complaint and denying defendant's motion for dismissal of the complaint should, therefore, be reversed, plaintiffs' cross motion should be denied and defendant's motion should be granted. The appeal from the order denying the motion for reargument should be dismissed.

MARSH, P. J., MOULE, DILLON and GOLDMAN, JJ., concur.

Order unanimously reversed without costs, defendant's mo-

tion granted, and complaint dismissed. Appeal from an order denying a motion for reargument dismissed.