■ In the Matter of CHARLES KEMPF, Appellant, v TOWN OF ESOPUS et al., Respondents. — Appeals (1) from a judgment of the Supreme Court at Special Term (Hughes, J.), entered May 26, 1982 in Ulster County, which denied petitioner's application, in a proceeding pursuant to CPLR article 78, for an order directing the building inspector of the Town of Esopus to issue a building permit to petitioner, and (2) from an order of said court, entered September 10, 1982 in Ulster County, which denied petitioner's motion to reargue or renew. In 1980, Margaret Callan was the owner of about a half acre of land in the Town of Esopus which contained a trailer described as uninhabitable. Prior to 1979 there had been two trailers on the property but one was sold and removed in 1979. During 1980, petitioner contracted to purchase the property from Mrs. Callan. However, the building inspector of the town refused to issue a building permit to allow a new trailer to be located on the land on the ground the property had lost its nonconforming use under the Town Zoning Law (§ 6.1.2.1, subd [d]). Mrs. Callan then applied to the zoning board of appeals for a variance. Petitioner joined Mrs. Callan in her request. On February 5, 1981, the zoning board of appeals denied the variance on the ground, *inter alia,* that the nonconforming use was discontinued for more than one year. No appeal was taken from this denial. However, despite this determination, petitioner purchased the land in April, 1981, and thereafter, without a permit, moved a mobile home onto the property. He was subsequently found guilty of violating the town zoning law in Town Court. Subsequently, petitioner requested the building inspector to issue a building permit on the ground that the placement of the new mobile home on the land was the continuance of a prior nonconforming use. This request was denied. Petitioner then initiated an article 78 proceeding to compel the issuance of the permit. Respondents filed several objections in point of law in response, including the Statute of Limitations, collateral estoppel and *res judicata.* Special Term, in a written decision dated May 18, 1982, denied the application and dismissed the petition on the ground of *res judicata* and on the merits. Petitioner next sought to reargue or renew

---

the application to compel issuance of the permit. This motion was denied by order entered September 10, 1982. These appeals followed. The orders entered at Special Term should be affirmed. Petitioner, by virtue of the contract to purchase the property, was in privity with Mrs. Callan when she requested a variance from the zoning board of appeals and further joined with Mrs. Callan in the request. Petitioner sent two letters to the zoning board of appeals presenting his contentions thereby participating in the application. Under subdivision 7 of section 267 of the Town Law, any application for review of a zoning board of appeals determination must be taken within 30 days from the date the decision is filed in the office of the town clerk. No such appeal was ever taken. Therefore, this is an appropriate case for the application of the doctrine of *res judicata* (see *Matter of Venes v Community School Bd. of Dist. 26,* 43 NY2d 520, 524; *Matter of New York State Labor Relations Bd. v Holland Laundry,* 294 NY 480, 493-494; *Island Park Taxpayers & Prop. Owners Assn. v Sacino,* 42 AD2d 729). Special Term properly dismissed the petition. Petitioner, having participated in the proceedings before the zoning board of appeals and being in privity with the applicant, Mrs. Callan, was barred by the principle of *res judicata* from maintaining this second litigation seeking substantially the same relief. An order denying a motion to reargue is not appealable and so much of the motion as sought reargument is therefore not before this court for review. An order denying a motion to renew is reviewable. However, we find that Special Term did not abuse its discretion in denying so much of petitioner's motion as sought renewal (*Matter of Hooker v Town Bd. of Town of Guilderland,* 60 AD2d 684-685). In view of our disposition of this appeal in this manner, we do not find it necessary to reach any other issues raised by the parties. Judgment and order affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.