■ TAKE WEALTH INTERNATIONAL, INC. (USA), Appellant, v R. H. MACY & Co., INC., et al., Respondents, et al., Defendant. —Order, Supreme Court, New York County (Bruce Wright, J.), entered on or about September 22, 1987, which denied plaintiff-appellant's motion for summary judgment and which granted the cross motion of defendant-respondent R. H. Macy & Co., Inc. for summary judgment dismissing the complaint against it, unamiously modified, on the law, the cross motion denied and the complaint against defendant-respondent R. H. Macy & Co., Inc. reinstated, without costs, and otherwise affirmed. The appeal from the order of said court entered April 13, 1988, which denied plaintiff-appellant's motion for reargument, is dismissed, without costs.

Plaintiff-appellant, a New York corporation which does business under the name "Oleg Cassini", instituted this action to recover the unpaid balance of $84,490.05 due and owing on an account with the New York subsidiary of defendant-respondent R. H. Macy & Co., Inc. (Macy's). In May 1984, appellant sold its accounts receivable from Macy's, then totaling $110,912.74, to a factor, defendant-respondent Control Data Credit Services Corp. (CDC). On each of the invoices sent to Macy's, the following notation appeared in bold letters: "PAY ONLY TO CONTROL DATA CREDIT SERVICES CORPORATION DEPT. 474", followed by a post-office box address. Payments of $26,422.69 were made according to the instructions on the invoice. However, a check dated June 30, 1984, in the amount of $75,000, was made payable to "OLEG CASSINI" and sent to the showroom address printed on the invoices, which address had been crossed out on the invoices sent to Macy's. A typewritten endorsement on the back of the check directed that it be paid to Howdan Apparel, Inc. No signature appeared under this endorsement, only a stamp bearing the name Oleg Cassini and the showroom address. The check was deposited by Howdan Apparel, a Connecticut corporation and manufacturer of women's clothing which is sold under various designer labels, including that of "Oleg Cassini". In addition to Macy's, appellant named as defendants CDC, Howdan

Apparel, and the New York and Connecticut banks which processed the $75,000 check.

In its answer, Macy's maintained that, under the terms of its contract with appellant, it was not obliged to recognize the assignment to CDC. It also maintained that appellant had been paid in full. Appellant moved for summary judgment, arguing that Macy's had recognized the assignment by paying over $26,000 of the account to CDC as directed. As a debtor with notice of the assignment Macy's was, therefore, liable to the assignee, CDC, for the loss from the misdirected check, appellant argued, citing *Continental Purch. Co. v Van Raalte Co.* (251 App Div 151, 152 [4th Dept 1937]). Appellant claimed that the debt had been reassigned back to it pursuant to its agreement with CDC. In opposition to the motion, Macy's challenged appellant's claim that the debt had been assigned back and, therefore, that appellant had standing to sue. Macy's also claimed that because the Dun & Bradstreet business identification number appearing on the Oleg Cassini invoices was the same as the Dun & Bradstreet number assigned to appellant, "they are in fact the same business entity." As such, Macy's asserted, appellant received full value for the $75,000 check deposited by Howdan Apparel.

Supreme Court denied appellant's motion but granted the cross motion, finding no evidence that the debt was ever reassigned to appellant. While the court was correct in denying appellant's motion, it erred in granting the cross motion. Appellant claimed that CDC's charge-back to it of the unpaid balance of the Macy's account effected a reassignment of the debt. However, the notice of account submitted by appellant in support of this claim states that "THE CHARGEBACK OF ANY ACCOUNTS *SHALL NOT BE DEEMED A REASSIGNMENT THEREOF,* AND TITLE THERETO AND TO THE MERCHANDISE REPRESENTED THEREBY SHALL REMAIN IN US [CDC] *UNTIL WE SHALL HAVE BEEN FULLY REIMBURSED.*" (Emphasis supplied.) Although plaintiff maintained that CDC had been paid in full, its proof on this point was not conclusive.

It is important to note that CDC, which joined in opposing appellant's motion, never claimed that it had not been fully reimbursed, nor did it deny that the charge-back had become a reassignment. It merely deemed the allegation "highly questionable". Thus, the evidence was insufficient to resolve the issue one way or the other. Macy's also failed to substantiate its claim that appellant received the benefit of the check which, in derogation of the notice of assignment, was made payable to Oleg Cassini.

Appellant's motion for reargument was properly treated as such by the court inasmuch as it contained no evidence which was not available to appellant beforehand. An order denying reargument is not appealable *(Matter of Roberts v County Ct.,* 39 AD2d 246 [4th Dept 1972], *affd* 34 NY2d 246 [1974]), and the appeal therefrom is dismissed. Concur—Kupferman, J. P., Ross, Rosenberger, Wallach and Smith, JJ.