■ M. Virginia Connors, Appellant, v H. L. Gage Sales, Inc., Respondent. (Action No. 1.) M. Virginia Connors, Individually and on Behalf of H. L. Gage Sales, Inc., Appellant, v H. L. Gage Sales, Inc., et al., Respondents. (Action No. 2.)— Weiss, J. Appeals (1) from that part of an order of the Supreme Court (Travers, J.), entered April 30, 1990 in Rensselaer County, which, *inter alia,* denied plaintiff's motion in action No. 1 for summary judgment in lieu of complaint, and (2) from an order of said court, entered April 30, 1990 in Rensselaer County, which, *inter alia,* granted defendants' motion for a protective order in action No. 2.

Following the death of Walter Connors, his estate and his widow contracted on November 28, 1984 with Theodore Hans and defendant H. L. Gage Sales, Inc. to sell his 100 shares of stock in that close corporation back to the corporation for the agreed sum of $375,000. After giving plaintiff $150,000 received from an insurance policy held by the corporation on Connors' life, cancellation of his $21,000 personal loan and effecting certain other adjustments, the agreed balance of $204,000 was to be paid with interest in 120 monthly installments of $2,965.97. Forty shares of stock were transferred

immediately, and the remaining 60 shares were placed in escrow to be periodically released in blocks of 20 upon reduction of the unpaid balance to $150,000, then at $75,000 and finally on full payment. The agreement included the following clause: "During the term of this escrow, as to all shares in escrow, [plaintiff] shall exercise and enjoy all the rights accruing from the ownership of the shares."

On May 15, 1989 plaintiff demanded notice of shareholders' meetings, access to corporate records and the payment of corporate dividends. On June 5, 1989 the corporation tendered a check for $119,540.44 as prepayment of the full balance due on the purchase price and the escrowee released the then-remaining 40 shares. Plaintiff commenced action No. 2 on July 27, 1989 seeking $119,540.44 and all other sums due to her as a shareholder. On the same date she also commenced action No. 1 by service of a summons and notice of motion for summary judgment in lieu of complaint seeking judgment pursuant to CPLR 3213 for $119,540 with interest, and contended that summary judgment would also be partial summary judgment on the first cause of action in action No. 2. Defendants cross-moved for dismissal, consolidation and summary judgment. Supreme Court held that defendants did owe plaintiff $119,540.44[1] and granted partial summary judgment for that sum, but held that a triable issue of fact was presented as to whether she had been a shareholder prior to the final payment, requiring denial of that part of the motion, and ordered that discovery commence. The court found that the agreement was not clear on its face regarding plaintiff's status during the escrow period and that the factual issues required resolution at trial. Plaintiff has appealed only that portion of the order which found present an issue as to her shareholder status during the escrow period, contending that the quoted contract provision was clear and unambiguous. Supreme Court also signed an order granting a motion by defendants for a protective order in action No. 2 and denying plaintiff's motion to reargue her shareholder status during the escrow period, from which plaintiff also appeals.[2]

The sole issue being advanced by plaintiff in her brief on these appeals is that she was entitled to have her status as a shareholder in the corporation during the escrow period declared as a matter of law due to the unambiguous language of

1. Plaintiff had refused to negotiate the previously tendered check.
2. Supreme Court's denial of plaintiff's motion for reargument is not appealable (see, Matter of Kempf v Town of Esopus, 92 AD2d 1076, 1077).

the agreement in question. While the subject clause standing alone may support plaintiff's argument, the entire contract must be read and interpreted together. The circumstances here are not dissimilar from those in *Barrow v Lawrence United Corp.* (146 AD2d 15). Here, as in *Barrow,* the language used by the parties raises sufficient doubt as to their intentions and requires resort to the extrinsic evidence to interpret their agreement *(supra,* at 18). It is settled law that specific clauses are to be read consistently with the overall manifest purpose of the parties' agreement *(supra; Matter of Friedman,* 64 AD2d 70, 81). The share release provisions and the disputed wording are both under the same subparagraph heading of "Escrow Agreement" and the stated purpose of the escrow provision was to provide security to plaintiff. Her interpretation would effect payment to her of both interest and dividends, essentially double compensation, a result which the courts avoid construing into agreements *(see, Barrow v Lawrence United Corp., supra,* at 20). In short, the apparent conflicts and inconsistencies between plaintiff's version of the subject clause and other provisions, as well as the dominant purpose of the agreement itself, are sufficient to justify resort to extrinsic evidence to ascertain the parties' intent and purpose *(see, supra,* at 21; *Matter of Friedman, supra,* at 81; *see also, O'Neill v Town of Fishkill,* 134 AD2d 487, 488-489). Accordingly, Supreme Court properly denied summary judgment.

Orders affirmed, with costs. Mahoney, P. J., Casey, Weiss, Crew III, and Harvey, JJ., concur.