Brian Morgan, Esq. Informal Opinion Town Attorney No. 96-11 Town of Hyde Park 627 Albany Post Road Hyde Park, N Y 12538
Dear Mr. Morgan:
You have asked generally whether a local government's zoning regulations dealing with accessory apartments in single family residences, which distinguish between apartments that are occupied by relatives of the homeowner and those that are not, are lawful.
The fundamental rule is that zoning deals with land use and not with the person who owns or occupies the land. Dexter v. Town Board of Town ofGates, 36 N.Y.2d 102, 105 (1975); St. Onge v. Donovan, 71 N.Y.2d 507, 515
(1988). In Dexter, a specific supermarket applied for a rezoning in order to permit the siting of its store and related commercial structures. One condition of the rezoning application was that it would apply only to that particular applicant.
The Court of Appeals, in deciding that the above condition is improper, cited the fundamental principle that a zoning board is charged with the regulation of land use and not with the person who owns or occupies the land. Dexter, 36 N.Y.2d at p 105. The Court recognized that customarily when a change of zoning, a variance or a special permit is sought, it is for a specific project sponsored by a particular developer:
 As a practical matter, the application is usually predicated on a particular type structure, often accompanied by architectural renderings, for a particular use by a specific intended user. In the usual case, the application and accompanying graphic material come to constitute a series of representations frequently bolstered at the hearing by additional promises or assurances made to meet objections there raised. Throughout, attention focuses on the reputation of the applicant and his relationship to the community and the particular intended use. And all too often the administrative or legislative determination seems to turn on the identity of the applicant or intended user, rather than upon neutral planning and zoning principles.
Dexter, 36 N.Y.2d at p 105.
The Court of Appeals noted that while it is proper for a zoning board to impose appropriate conditions in conjunction with a change of zoning or a grant of a variance or a special permit, the conditions and safeguards must be reasonable and may relate only to the real estate involved without regard to the person who owns or occupies it. Zoning regulations which relate to the person rather than to the use of land are improper.
In Donovan, 71 N.Y.2d at pp 515-516, the Court of Appeals emphasized that its holding in Dexter was not intended to divest zoning boards of their discretionary power to impose reasonable conditions in connection with a zoning decision. A zoning board may, where appropriate, impose reasonable conditions and restrictions directly related to and incidental to the proposed use of the property and aimed at minimizing the adverse impact to an area that might result from the grant of, for example, a variance or special permit. Id. Conditions might relate to such things as fences, safety devices, landscaping, screening, access roads, the period of use, noises, emission of odors and other factors incidental to "comfort, peace, enjoyment, health or safety of the surrounding area". 71 N.Y.2d at p 516.
 Such conditions are proper because they relate directly to the use of the land in question, and are corrective measures designed to protect neighboring properties against the possible adverse effects of that use. Conditions imposed to protect the surrounding area from a particular land use are consistent with the purposes of zoning, which seeks to harmonize the various land uses within a community.
71 N.Y.2d at p 516.
In your letter, you have indicated that there is no physical difference in parking, noise, population density and water and sewer use arising from the occupancy of an accessory apartment by relatives as compared to non-relatives of the owner of the house. It appears, therefore, based on the decisions discussed above, that the application of different zoning standards to these two classifications would be improper as a departure from the fundamental principle of zoning as a regulation of land use rather than the individual who owns or occupies the land.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General in Charge of Opinions