*877 OPINION OF THE COURT
Craig J. Doran, J.
Plaintiff has brought this action for declaratory judgment and injunctive relief seeking to set aside and prohibit enforcement of section 170-13 of the Village Code of the Village of Victor to the extent that it prohibits what are defined as “Formula Fast-Food Restaurants” in the Village’s Central Business District. Plaintiff alleges that this particular section of the code is unconstitutional and illegal under New York State law and the United States Constitution.
Plaintiff is the recent purchaser and owner of certain real property located at 49 West Main Street in the Village of Victor. Plaintiff has proposed to replace the current structure with a mixed use building featuring commercial uses on the ground floor and upscale residential on the second floor. Plaintiff has received area variances from the Village Zoning Board of Appeals. Plaintiff is currently before the Village Planning Board seeking site plan approval.
One of the potential tenants for the ground floor is a Subway restaurant. A Subway restaurant constitutes what is defined under section 170-13 (C) (1) (b) of the Village Code as a Formula Fast-Food Restaurant (FFFR).
The plaintiff asserts that the prohibition of a FFFR in the Central Business District of the Village of Victor is based, not upon the characteristics of the restaurant, but upon whether or not the owner or operator is under some contractual or franchise arrangement to utilize FFFR criteria. Thus, plaintiff contends, the prohibition is based on the nature or identity of the owner or operator and not upon the use itself.
Plaintiff has moved for an order pursuant to CPLR 3212 granting the plaintiff summary judgment for the relief requested in the complaint upon the grounds that there are no disputed issues of fact.
The Village of Victor has cross-moved for summary judgment seeking dismissal of the instant action. The Village asserts that this particular section of the code has a legitimate purpose to maintain the unique village character and vitality of the commercial district. The code is not based “simply upon who owns or operates the restaurant” as the plaintiff contends. Rather, it applies to all types of owners equally and it merely prohibits everyone from operating a Formula Fast-Food Restaurant within the heart of the Village. The Village contends that its Formula *878 Fast-Food Restaurant Code (FFFRC) is entitled to a presumption of validity, was enacted to further legitimate objectives of the zoning code, and is not unconstitutional.
A Formula Fast-Food Restaurant is defined under section 170-13 (C) (1) (b) of the Village Code as follows:
“FORMULA FAST-FOOD RESTAURANT
“Any establishment, required by contract, franchise or other arrangements, to offer two or more of the following:
“[1] Standardized menus, ingredients, food preparation and/or uniforms.
“[2] Prepared food in ready-to-consume state.
“[3] Food sold over the counter in disposable containers and wrappers.
“[4] Food selected from a limited menu.
“[5] Food sold for immediate consumption on or off premises.
“[6] Where customer pays before eating.”
At the outset, it must be noted that this particular section of the Village’s code is entitled to a presumption of validity. Because the FFFRC is part of the zoning code of the Village of Victor, it is presumed to be both valid and constitutional (see Trustees of Union Coll, in Town of Schenectady in State of N.Y. v Members of Schenectady City Council, 91 NY2d 161 [1997]).
“The presumption of constitutionality enjoyed by a legislative enactment, such as a zoning ordinance ... is formidable but not conclusive ... a zoning ordinance will be struck down if it bears no substantial relation to the police power objective of promoting the public health, safety, morals or general welfare.” (Trustees of Union Coll. v Members of Schenectady City Council, 91 NY2d at 165.)
Plaintiff contends that the Village’s prohibition of FFFRs is based solely upon ownership and is unlawful, unconstitutional and void. The plaintiffs argument is premised on the “fundamental rule that zoning deals basically with land use and not with the person who owns or occupies it” (Matter of Dexter v Town Bd. of Town of Gates, 36 NY2d 102, 105 [1975]).
In Dexter (supra), a corporation sought to have the Zoning Board in the Town of Gates rezone certain lands from a residential to a commercial classification so as to permit the development of a retail shopping center. Although the zoning board granted the reclassification, it imposed several conditions, *879 one of which provided that “[the] application for the construction of a retail supermarket by [the corporation] and related commercial structures, shall inure to the benefit of [the corporation] only, and for that specific purpose only” (.Matter of Dexter v Town Bd., 36 NY2d at 104).
The Court of Appeals invalidated the condition, holding that although a local zoning board may impose “appropriate conditions and safeguards in conjunction with a change of zone or a grant of a variance or special permit,” those conditions “must be reasonable and relate only to the real estate involved without regard to the person who owns or occupies it” (Matter of Dexter v Town Bd., 36 NY2d at 105). The Court recognized that “all too often the administrative or legislative determination seems to turn on the identity of the applicant or intended user, rather than upon neutral planning and zoning principles.” (Matter of Dexter v Town Bd., 36 NY2d at 105.) The Court of Appeals characterized this approach as error and a “lack of adherence to the fundamental rule that zoning deals basically with land use and not with the person who owns or occupies it” (Matter of Dexter v Town Bd., 36 NY2d at 105).
The holding in Dexter did not, nor was it intended to, divest zoning boards of their discretionary power to impose reasonable conditions in connection with a zoning decision. “A zoning board may, where appropriate, impose reasonable conditions and restrictions as are directly related to and incidental to the proposed use of the property, and aimed at minimizing the adverse impact to an area that might result from the grant of a variance or special permit” (see Matter of St. Onge v Donovan, 71 NY2d 507, 516 [1988] [internal quotation marks omitted]).
The Court of Appeals in Dexter prohibited personal conditions which focused on the person occupying the property rather than the use of the land or the possible effects of that use on the surrounding area (see Matter of St. Onge v Donovan, 71 NY2d 507 [1988], supra).
Contrary to plaintiffs contention in the instant action, the FFFRC is not based simply upon who owns or operates the restaurant. The challenged code is not “plainly personal” and does not seek to regulate a specific entity. The plaintiff herein misconstrues the nature of the prohibition set forth in Matter of Dexter (supra) and its progeny. In Dexter, an identifiable individual was singled out for special treatment in land use regulation. No such individualized treatment is involved in the present case. All similarly situated owners are treated identically *880 (see Village of Valatie v Smith, 83 NY2d 396 [1994]). The FFFRC is based on neutral planning and zoning principles. Certainly, all land-use laws relate to the owner to some extent because such laws regulate the acts of those individuals (see ABN 51st St. Partners v City of New York, 724 F Supp 1142 [1989]). However, the FFFRC herein is not personal to one individual or entity. Rather, it applies to the entire business district and addresses conduct that affects the character of the community. It is not a prohibited regulation.
This court also rejects plaintiffs assertion that the FFFRC is an invalid overregulation of the details of business operation. The FFFRC does not regulate any detail of the operation of a fast-food restaurant. It merely prohibits formulaic fast-food restaurants in the Central Business District of the Village. Contrary to the cases cited by plaintiff, the code herein does not attempt to regulate specific details of the operation of a business.
Based upon the foregoing, the plaintiffs motion for summary judgment is denied and the defendant’s cross motion for summary judgment is granted.