WILLIAM SCOTT WHEELER D/B/A FURNITURE FACTORY OUTLET v. SAM THABIT AND WIFE, AMERICA M. THABIT.

(Filed 18 March 1964.)

**1. Appeal and Error § 12—**

Notice of appeal from an order overruling a demurrer interposed on grounds other than a matter of right for misjoinder of parties and causes does not oust the jurisdiction of the lower court, since appeal from such order is not authorized. Rule of Practice in the Supreme Court No. 4(a).

**2. Pleadings § 6—**

A defendant has thirty days after order overruling his demurrer in which to file answer or petition the Supreme Court for *certiorari*. G.S. 1-125, G.S. 1-131; Rule of Practice in the Supreme Court No. 4(a).

**3. Appeal and Error §§ 12, 16—**

While *certiorari* has the effect of a supersedeas, it cannot preclude the lower court from proceeding in the cause by order entered prior to the filing of the petition for *certiorari*. Whether the jurisdiction of the lower court is ousted from the time of filing of the petition or only from the time the petition is granted, *quaere?*

**4. Same; Judgments § 13—**

Where more than thirty days after order overruling a demurrer has transpired, the court has jurisdiction to enter a judgment by default, and the court's authority to do so is not affected by the subsequent filing of a petition for *certiorari*, even though the petition be filed later on the same day.

**5. Courts § 9—**

Where the entry of judgment by default is within the authority of the presiding judge, another judge of the Superior Court has no power to set the default judgment aside except in proceedings to vacate the judgment in accordance with statutory procedure.

APPEAL by plaintiff from *Martin, J.,* August 28, 1963 Session of BUNCOMBE.

Plaintiff lessee instituted this action to recover damages for loss of business and injury to his personal property allegedly caused by the negligent failure of defendant lessors to properly maintain the water system and elevator in the leased premises. Plaintiff appeals from an order of Judge Martin vacating a judgment by default and inquiry entered by Judge W. K. McLean at a previous term.

*Wade Hall for plaintiff appellant.*
*Lee and Allen for defendant appellees.*

SHARP, J. This action was commenced on December 27, 1962 by the issuance of summons and filing of complaint. On January 10, 1963

the assistant clerk of the Superior Court extended defendants' time in which to plead until February 15th. On February 5th the defendants demurred to the complaint on grounds other than a misjoinder of parties and causes of action. Judge Martin overruled the demurrer on June 26th; defendants excepted and gave notice of appeal to the Supreme Court. However, as they subsequently concluded, the Supreme Court will not entertain an appeal from an order overruling a demurrer except when the demurrer is interposed as a matter of right for misjoinder of parties and causes of action. N. C. Sup. Ct. R. 4(a).

After their demurrer was overruled on June 26th, the defendants then had thirty days in which to file answer or to petition this Court for *certiorari.* G.S. §§ 1-125, 131; N. C. Sup. Ct. R. 4(a). They did neither within the prescribed time, but on July 26th the clerk of the Superior Court entered an order extending the time "in which to file answer or to otherwise plead" through August 15th. This was the second extension granted to the defendants by the clerk. It was not granted with the consent of the plaintiff or his attorney; hence, it was inoperative. G.S. 1-125. On July 29th, thirty-three days after the ruling on the demurrer, the presiding judge, Honorable W. K. McLean, signed a judgment by default and inquiry which was filed at 9:41 a.m. At 7:30 p.m. on the same day, the plaintiff's attorney was served with a copy of a petition to this Court for a writ of *certiorari.*

On July 30th defendants moved in the Superior Court to set aside the judgment by default and inquiry on the following grounds: (1) Defendants' notice of appeal from the ruling upon the demurrer ousted the jurisdiction of the court at the time it was entered, and (2) defendants had, "within the time allowed by law," filed a petition for a writ of *certiorari* which was then pending in the Supreme Court. The record does not substantiate this representation of timely filing. The petition for *certiorari* was not filed in the office of the Clerk of the Supreme Court until 9:00 a.m. on July 31st, thirty-five days after the ruling on the demurrer.

On August 28th Judge Martin vacated and set aside the judgment by default and inquiry upon the ground that Judge McLean was *functus officio* on the date he signed the judgment because "this case was on appeal to the Supreme Court of North Carolina." On September 3rd the Supreme Court denied the defendants' petition for *certiorari.*

*Certiorari* is a common law writ issuing from a superior court to an inferior court, tribunal, or board commanding it to send up the record of a particular case for review. *Pue v. Hood, Comr. of Banks,* 222 N.C. 310, 22 S.E. 2d 896; 14 C.J.S., *Certiorari* § 1. At common law the writ had the effect of a supersedeas and, except where it has been abrogated

or modified by statute, this rule universally prevails today. *State v. Driskell,* 117 Fla. 717, 158 So. 277; 14 C.J.S., *Certiorari* § 108(a). In this regard see G.S. 1-269. Thus, it is quite clear that, *when issued,* the writ suspends the authority of the lower court in the case pending the action of the reviewing court. *State v. Walters,* 97 N.C. 489, 2 S.E. 539; *Great American Ins. Co. of N. Y. v. Peters,* 105 Fla. 380, 141 So. 322; *Waskey v. Hammer,* 179 F. 273; *State v. Bland,* 354 Mo. 391, 189 S.W. 2d 542, 161 A.L.R. 423; *Wilson v. Clary,* 212 S.C. 250, 47 S.E. 2d 618; Pound, Appellate Procedure in Civil Cases, 61.

The general rule seems to be that neither notice of intention to file a petition for *certiorari* nor the mere filing of such petition will remove the case to the higher court; the lower court loses jurisdiction and the higher court acquires it only when the writ is allowed. *Red Top Cab Co. v. Garsides,* 155 Tenn. 614, 298 S.W. 263; *McArthur v. Faw,* 183 Tenn. 504, 193 S.W. 2d 763; *First Nat'l Bank Bldg. Co., Ltd. v. Dickson & Denny,* 202 La. 970, 13 So. 2d 283. However, there is authority to the contrary, *State v. Ellison,* 287 Mo. 654, 230 S.W. 970, *McRae v. Boykin,* 54 Ga. App. 158, 187 S.E. 271, and, in one case, it was held that while mere notice of a petition for *certiorari* would not operate as a supersedeas, if granted, it would relate back. The Inhabitants of Adams, Petitioners, 10 Pick. (Mass.) 273.

In this case *certiorari* was denied. The chronology makes it unnecessary for us to decide whether the mere filing of a petition for the writ ousts the jurisdiction of the Superior Court. Certainly its jurisdiction was not removed on June 26th by the notice of an unauthorized appeal from the order overruling the demurrer. *Bizzell v. Bizzell,* 247 N.C. 590, 101 S.E. 2d 668; *Veazey v. Durham,* 231 N.C. 357, 57 S.E. 2d 377. At the time Judge McLean entered the judgment by default and inquiry at 9:41 a.m. on July 29th there was neither appeal nor petition for *certiorari* pending. Therefore, his authority to render the judgment is clear. Judge Martin had no power to set it aside. *Greene v. Laboratories, Inc.,* 254 N.C. 680, 120 S.E. 2d 82.

The judgment by default and inquiry is a valid judgment which must stand unless vacated by the Superior Court under the authority of G.S. 1-220. The defendants still have ample time to invoke the protection of this statute if they can meet its requirements.

The order vacating the judgment by default and inquiry is
Reversed.