H. L. MIZE AND WIFE, BRENDA M. MIZE, THOMAS A. LEMPICKE AND WIFE, CAROL J. LEMPICKE, AND WILLIAM F. SEALS AND WIFE, TREVA L. SEALS v. COUNTY OF MECKLENBURG

No. 8526SC552

(Filed 15 April 1986)

1. **Municipal Corporations § 31— judicial review of zoning ordinance—Zoning Board of Adjustment as necessary party**

The Zoning Board of Adjustment is a necessary party respondent to a petition pursuant to N.C.G.S. § 153A-345(e) which provides for review of the Board's decisions, since the Board is the agency having custody of the record which is being reviewed; moreover, there was no merit to petitioners' contention that respondent county is the only necessary party because the Board has only that authority which has been delegated to it by respondent and it is therefore an agent of respondent, since the Board is an independent, quasi-judicial body whose decisions cannot be reviewed or reversed by respondent's Board of Commissioners or the town manager.

2. **Municipal Corporations § 31; Rules of Civil Procedure § 12— failure to join necessary party—amendment not allowed—abuse of discretion**

The trial court abused its discretion by failing to allow petitioners to amend their petition to join the Zoning Board of Adjustment where petitioners complied with all the express requirements of N.C.G.S. § 153A-345 by filing a petition in superior court within 30 days of the decision of the Board, and dismissal under N.C.G.S. § 1A-1, Rule 12(b)(7) is proper only when the defect cannot be cured.

3. **Municipal Corporations § 31— review of decision of Board of Adjustment—no right to jury trial**

> Petitioners who sought review of a decision of the Zoning Board of Adjustment were not entitled to a jury trial since the superior court was not the trier of fact but instead sat in the posture of an appellate court.

4. **Municipal Corporations § 30.20— enforcement of zoning ordinance—injunction proper**

> The trial court did not err in issuing an injunction prohibiting petitioner-appellants from operating an airport, since N.C.G.S. § 153A-123 and -345 give the superior court the power to enforce zoning ordinances through the issuance of an injunction, and no stay is provided pending a petition to the superior court to review the decision of a Zoning Board of Adjustment.

APPEAL by petitioners from *Burroughs, Judge.* Order and Judgment entered 18 December 1984 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 19 November 1985.

*Gene H. Kendall for petitioner appellants.*

*Ruff, Bond, Cobb, Wade & McNair by James O. Cobb for respondent appellee.*

COZORT, Judge.

The petitioners instituted this action by filing a Petition in the Nature of Certiorari with the Clerk of Superior Court of Mecklenburg County on 18 July 1984. Petitioners sought to have a decision of the Zoning Board of Adjustment of Mecklenburg County reviewed challenging, among other things, the procedure followed by the Board upholding the decision of a Zoning Administrator which required the petitioners to stop using their land as an airport. The petitioners served the County of Mecklenburg with a copy of their petition. The County of Mecklenburg filed a Rule 12(b)(7) motion to dismiss for failure to join a necessary party arguing that the only necessary party to the Petition filed pursuant to G.S. 153A-345(e) was the Mecklenburg County Zoning Board of Adjustment. The County of Mecklenburg also filed a motion to strike the petitioners' demand for a jury trial and a motion for an injunction requesting the superior court to issue an order enjoining petitioners from using their land as an airport. On 2 November 1984, petitioners made a motion for leave to amend to add the Mecklenburg County Zoning Board of Adjustment to the ac-

tion. On 18 December 1984 the superior court entered an order granting Mecklenburg County's motion to dismiss for failure to join a necessary party, their motion to strike petitioners' demand for jury trial, and their motion for an injunction enjoining petitioners' use of their land as an airport. From this order petitioners appealed.

First we address whether the Zoning Board of Adjustment is a necessary party to a petition filed pursuant to G.S. 153A-345(e). G.S. 153A-345(e) provides:

> Each decision of the [Zoning Board of Adjustment] is subject to review by the superior court by proceedings in *the nature of certiorari.* Any petition for review by the superior court shall be filed with the clerk of superior court within 30 days after the decision of the board is filed in such office as the ordinance specifies, or after a written copy thereof is delivered to every aggrieved party who has filed a written request for such copy . . . . (Emphasis added).

G.S. 153A-345(e) specifies that the proceeding to review the decision of the Zoning Board of Adjustment is in the nature of certiorari. The statute does not set forth who is to be named as a respondent or defendant in a proceeding under its provisions. Our research reveals no North Carolina cases on this point. There is a split in authority among other jurisdictions which have addressed this question. In *Tri-State Generation and Transmission Co. v. City of Thornton,* the Supreme Court of Colorado stated:

> [When] an action is for the purpose of determining whether the *"inferior tribunal . . .* has exceeded its jurisdiction or abused its discretion" . . . it is this tribunal which must be joined in a certiorari action, and not some other municipal body. . . .
>
> Although joinder of a city rather than its council may ofttimes achieve a functionally equivalent result, it cannot be assumed that this is always the case. Where review of a city council's quasi-judicial action is sought, it is not unduly burdensome to require that the council be named as a defendant, and it is not an unreasonable or unexpected result in light of the nature of the relief sought . . . .

647 P. 2d 670, 676 (Colo. 1982). In a case involving a zoning review procedure similar to the procedure before us, the Court of Appeals of New York reiterated the long-recognized rule in that State requiring the Zoning Board of Adjustment to be a necessary party defendant to an action reviewing its decision. *Commco, Inc. v. Amelkin,* 62 N.Y. 2d 260, 476 N.Y.S. 2d 775, 465 N.E. 2d 314 (1984). The New York rule is a vestige of the *in rem* nature of certiorari, to which the only necessary party defendant was the agency having custody of the record. *Id.* at 269-70, 476 N.Y.S. 2d at 780, 465 N.E. 2d at 319 (Meyer, J., dissenting). *See also Board of Supervisors v. Board of Zoning Appeals,* 225 Va. 235, 302 S.E. 2d 19 (1983). But, in *Town of Boothbay Harbor v. Russell,* 410 A. 2d 554, 560-61 (Me. 1981), the Supreme Court of Maine held that an agency which performs a purely adjudicatory function is not a proper party to an appeal from a decision made by that agency. The Maine court reasoned that the agency, when acting as a quasi-judicial body, had no interest to defend in such an action because it was not a partisan participant in the proceeding. *Id. See also A. Di Cillo & Sons, Inc. v. Chester Zoning Bd. of Appeals,* 158 Ohio St. 302, 109 N.E. 2d 8 (1952).

[1]   Our analysis begins with an examination of the nature of certiorari. Certiorari is a common law writ, which issues from a superior court to an inferior tribunal to send up the record of a particular case for review. *Wheeler v. Thabit,* 261 N.C. 479, 480, 135 S.E. 2d 10, 11 (1964); *In re Pine Hill Cemeteries, Inc.,* 219 N.C. 735, 15 S.E. 2d 1 (1941). Strictly speaking, the only necessary party to a petition for certiorari is the party or parties whose acts are the subject of review. 14 C.J.S. *Certiorari* Sec. 60 (1939). The Zoning Board of Adjustment is a necessary party because the Board is the agency having custody of the record that is being reviewed. Common sense and logic dictates such a result.

The appellant argues that Mecklenburg County is the only necessary party in this case because the Board of Adjustment has only that authority which has been delegated to it by Mecklenburg County and is therefore an agent of Mecklenburg County. Nonetheless, the Board of Adjustment is an independent, quasi-judicial body whose decisions cannot be reviewed or reversed by the Board of Commissioners or the town manager. *Jackson v. Guilford County Bd. of Adjustment,* 2 N.C. App. 408, 163 S.E. 2d 265 (1968), *aff'd,* 275 N.C. 155, 166 S.E. 2d 78 (1969). Further, we

note that instances may arise where the position of the Board of Adjustment and the County of Mecklenburg may be adverse. The focus of the review under G.S. 153A-345(e) is on the decision of the Zoning Board of Adjustment. While the County delegates to the Board the authority to hear appeals of zoning cases, once the delegation has occurred the County has no power to influence the decisions of the Board. Thus, we hold that the Zoning Board of Adjustment is a necessary party respondent to a petition filed pursuant to G.S. 153A-345(e).

The Zoning Board of Adjustment may not be the *only* necessary party in an action to review its decision. The real adverse party in interest is the party in whose favor the Zoning Board's decision has been made. *See Lee v. Small Claims Court*, 34 Cal. App. 2d 1, 92 P. 2d 937 (1939). Thus, our decision does not preclude the trial court from determining that other parties may in fact be necessary to determine issues raised in a petition under G.S. 153A-345(e). *See Phillips v. Village of Oriskany*, 57 A.D. 2d 110, 394 N.Y.S. 2d 941 (1977) (town is a necessary party when the constitutionality of a town ordinance is questioned).

[2] Having determined the Board of Adjustment is a necessary party, we consider whether the trial court erred by dismissing the petitioners' claim for failure to join a necessary party. The County maintains that G.S. 153A-345 requires that a petition be filed within the thirty-day period, and failure to file against the Zoning Board of Adjustment within that time bars the petition. We disagree. The proceeding in question is purely statutory in nature; thus we look to the provisions of G.S. 153A-345 to determine if the petition complies with its requirements as to proper filing. The purpose of G.S. 153A-345 is to provide a right of review, and statutes providing for review of administrative decisions should be liberally construed to preserve and effectuate that right. *See In re Appeal of Harris*, 273 N.C. 20, 159 S.E. 2d 539 (1968). The language of G.S. 153A-345 requires only that any petition seeking review by the superior court be filed with the clerk of superior court within 30 days after the decision of the Board is filed or after a written copy has been delivered to every aggrieved party. The petitioners complied with all the express requirements of this vague statute by filing a petition in Mecklenburg County Superior Court within 30 days of the decision of the Board. "[D]ismissal under Rule 12(b)(7) is proper only when the

Mize v. County of Mecklenburg

defect cannot be cured, and the court ordinarily should order a continuance for the absent party to be brought into the action and plead." *Howell v. Fisher*, 49 N.C. App. 488, 491, 272 S.E. 2d 19, 22 (1980), *cert. denied*, 302 N.C. 218, 277 S.E. 2d 69 (1981). We hold that, under the circumstances presented, the court abused its discretion by failing to allow the petitioners to amend the petition to join the Zoning Board of Adjustment.

[3]  Next, petitioners contend they are entitled to a jury trial to determine their rights as property owners. This argument is without merit. The scope of review under G.S. 153A-345(e) is: (1) reviewing the record for errors in law; (2) insuring that procedures specified by law in both statute and ordinance are followed; (3) insuring that appropriate due process rights of a petitioner are protected, including the right to offer evidence, cross-examine witnesses and inspect documents; (4) insuring that the decisions of zoning boards are supported by competent, material and substantial evidence in the whole record; and (5) insuring that decisions are not arbitrary and capricious. *Coastal Ready-Mix Concrete Co. v. Board of Comm'rs*, 299 N.C. 620, 626, 265 S.E. 2d 379, 383 (1980). In reviewing zoning decisions, the superior court is not the trier of fact; it sits in the posture of an appellate court. *Id.* There is no necessity for, or entitlement to, a jury trial.

[4]  The petitioners' final contention challenges the issuing by the trial court of an injunction prohibiting the petitioner-appellants from operating an airport. G.S. 153A-123 and -345 give the superior court the power to enforce zoning ordinances through the issuance of an injunction. G.S. 153A-345(b) provides for a stay of enforcement pending an appeal from an administrative official to the Zoning Board of Adjustment; however, no stay is provided pending a petition to the superior court to review the decision of the Board. If the General Assembly had intended to stay enforcement of the Board's decision pending review in superior court, it could have provided for a stay at that step, as it provided for a stay when the administrative official's decision is pending review by the Board. The injunction to enforce the Board's decision is thus proper on its face, and petitioners have failed to cite any reasons why the injunction is improper. Because the superior court has the power to issue such an injunction and no stay is provided in the applicable statutes, we find that the injunction was proper.

The decision of the trial court is reversed in part and affirmed in part, and this case is remanded to the trial court for disposition consistent with this decision.

Affirmed in part, reversed in part, and remanded.

Judges WEBB and BECTON concur.