THE COUNTY OF LANCASTER, SOUTH CAROLINA; THE COUNTY OF UNION, NORTH CAROLINA; ROSA POTTS OSBORNE; ROBERT BARR; SAM ARDREY AND WIFE, JANIE M. ARDREY; LAVINIA A. KELL; MARGIE K. BOYLSTON; TUCKER I. JOHNSON AND WIFE, ANGELUS R. JOHNSON, PLAINTIFFS v. MECKLENBURG COUNTY, NORTH CAROLINA; THE BOARD OF COUNTY COMMISSIONERS OF MECKLENBURG COUNTY, NORTH CAROLINA, TO WIT: CARLA DUPUY, ROD AUTREY, BARBARA LOCKWOOD, ROBERT L. WALTON, PETER KEBER, JOHN G. BLACKMON, AND KENNETH L. ANDREWS; AND ROBERT L. BRANDON, ZONING ADMINISTRATOR OF MECKLENBURG COUNTY, NORTH CAROLINA, DEFENDANTS

No. 9126SC206

(Filed 7 July 1992)

## 1. Municipal Corporations § 30.1 (NCI3d) — zoning — special use permits — delegation of authority to zoning administrator

County commissioners could properly delegate their authority to a zoning administrator to issue special use zoning

permits under N.C.G.S. § 153A-340 and could allow the zoning administrator to issue permits for "uses by right subject to special requirements."

**Am Jur 2d, Zoning and Planning § 62.**

**Attack on validity of zoning statute on ground of improper delegation of authority to board or officer. 58 ALR2d 1083.**

2. **Municipal Corporations § 30.6 (NCI3d) — zoning — sanitary landfills — due process**

A county's zoning ordinance governing sanitary landfills meets the requirements of due process where it provides for review of permit applications by a zoning administrator, an unbiased administrative official, and the decisions of the zoning administrator are then subject to *de novo* review by a zoning board of adjustment, an independent, quasi-judicial body.

**Am Jur 2d, Zoning and Planning § 62.**

**Attack on validity of zoning statute on ground of improper delegation of authority to board or officer. 58 ALR2d 1083.**

APPEAL by defendants from judgment dated 17 January 1991, and orders dated 17 January 1991 and 18 January 1991 by *Judge Shirley L. Fulton* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 3 December 1991.

On 4 November 1985, the Mecklenburg County Board of Commissioners granted Mecklenburg County a special use permit to use a tract of land for a sanitary landfill. On 3 August 1988 the Superior Court of Mecklenburg County declared the County's landfill zoning ordinance unconstitutional in that it violated the due process clause of the 14th Amendment because the County was judging its own permit applications. No appeal was taken from this 1988 judgment.

In 1989 Mecklenburg County amended its zoning ordinance to provide that a landfill may be located in *any* zoning district if certain listed conditions were met. In December 1989 Mecklenburg County reapplied for a permit. In January 1990 appellees brought a declaratory judgment action pursuant to G.S. 1-253 and Rule 57 of the Rules of Civil Procedure to determine the validity and constitutionality of the 1989 ordinance. On 17 January 1991 the Superior Court declared the 1989 ordinance unconstitutional

on the grounds that (1) the Mecklenburg County Commissioners "have no legislative authority to delegate their duty under [G.S.] 153A-340 to issue special use zoning permits" and (2) the ordinance "does not provide the fundamental constitutional right of due process by a fair, unbiased tribunal and allows Mecklenburg County to be judge of its own zoning applications in violation of the due process clause of the 14th Amendment of the United States Constitution." Defendants appeal.

*Waggoner, Hamrick, Hasty, Monteith, Kratt & McDonnell, by John H. Hasty, for plaintiff-appellees.*

*Sanford L. Steelman, Jr., for plaintiff-appellee Union County, North Carolina.*

*Ruff, Bond, Cobb, Wade & McNair, by James O. Cobb, for defendant-appellants.*

*Smith Helms Mulliss & Moore, by H. Landis Wade, Jr., for defendant-appellant Robert L. Brandon.*

EAGLES, Judge.

On appeal defendants contend that the trial court erred by failing to recognize that (1) a fundamental difference exists between zoning permits and special use or conditional use permits; (2) the Mecklenburg County Board of Commissioners has exclusive authority to determine which uses will be permitted on a zoning district by zoning district basis; and (3) the matters presented in the complaint may be presented only in the manner prescribed by G.S. 153A-345. We agree in part and reverse the judgment of the superior court.

The ordinance at issue is Mecklenburg County zoning ordinance 3124, which provides:

Sanitary landfills are permitted in all districts in Mecklenburg County subject to the development standards listed below. The establishment and operation of any landfill must comply with Solid Waste Management Rules of the State of North Carolina and the "Regulations Governing the Storage, Collection, Transporting and Disposal of Garbage and Refuse in Mecklenburg County" as adopted by the Mecklenburg County Board of Commissioners under authority granted by the General Statutes of North Carolina.

COUNTY OF LANCASTER v. MECKLENBURG COUNTY

[106 N.C. App. 646 (1992)]

Subsections 3124.1 through 3124.6 define "sanitary landfill," set out a procedure for reclamation of the proposed site, set forth yardage and screening requirements, specify permissible hours of operation, and regulate access. All documentation supporting the application must be submitted to the Zoning Administrator who with the assistance of the Mecklenburg County Director of Engineering must assure that the application complies with the ordinance and regulations referred to in section 3124. Subsection 3124.7 provides that the Mecklenburg County Building Standards Department must notify all affected property owners advising them of the proposed development and when and where the plans may be inspected. The Zoning Administrator is also required to post a notice at the site stating that rezoning for the proposed use has been requested and stating where additional information may be obtained. After notices are mailed, the Zoning Administrator must wait at least 15 days and consider all comments on the application before deciding whether to issue a permit for the proposed use. Once the Zoning Administrator makes a decision, he has 5 days to notify affected property owners and anyone who commented on the proposed use. Any person aggrieved by the Zoning Administrator's decision is entitled to an appeal *de novo* to the Board of Adjustment pursuant to G.S. 153A-345(b).

First, we address defendants' contentions that the trial court erred (1) in failing to recognize a difference between the new procedures found in the 1989 amendments and special use permits and (2) in failing to recognize the exclusive authority of the Mecklenburg County Board of Commissioners to determine on a zoning district by zoning district basis which uses will be permitted.

[1] We find it unnecessary to reach defendants' first argument. Even if the permit issued was a special or conditional use permit, the Mecklenburg County Board of Commissioners has authority to delegate their authority to the zoning administrator to issue special use zoning permits under G.S. 153A-340. We find nothing in the enabling statute, G.S. 153A-340, or our case law that prohibits the County from delegating its authority to the zoning administrator. G.S. 153A-340 provides in part: "The regulations *may* also provide that the board of adjustment or the board of commissioners *may* issue special use permits or conditional use permits in the classes of cases or situations and in accordance with the principles, conditions, safeguards, and procedures specified." (Emphasis added.) In our view, nothing in this statutory language prevents the County

from delegating its authority to the zoning administrator to issue special use permits. Additionally, G.S. 153A-345(a) provides: "A county may designate a planning agency to perform any or all of the duties of a board of adjustment in addition to its other duties." The Supreme Court has said:

> When a statute, or ordinance, provides that a type of structure may not be erected in a specified area, except that such structure may be erected therein when certain conditions exist, one has a right, under the statute or ordinance, to erect such structure upon a showing that the specified conditions do exist. The legislative body may confer upon an administrative officer, or board, the authority to determine whether the specified conditions do, in fact, exist and may require a permit from such officer, or board to be issued when he or it so determines, as a further condition precedent to the right to erect such structure in such area. Such permit is not one for a variance or departure from the statute or ordinance, but is the recognition of a right established by the statute or ordinance itself. Consequently, the delegation to such officer, or board, of authority to make such determination as to the existence or non-existence of the specified conditions is not a delegation of the legislative power to make law.

*Jackson v. Guilford County Board of Adjustment*, 275 N.C. 155, 165, 166 S.E.2d 78, 85 (1969).

The same logic that permits the County Commissioners to delegate authority to the zoning administrator to issue special use permits also supports our decision that the Commissioners have authority to allow the zoning administrator to issue permits for "uses by right subject to special requirements." On that basis we hold that County Commissioners have authority to allow the zoning administrator to issue permits for "uses by right subject to special requirements."

Defendants next contend that the trial court erred in failing to recognize that the matters in the complaint pertaining to the zoning administrator's alleged bias in dealing with the County's application may be presented only in the manner established by G.S. 153A-345. G.S. 153A-345 subjects decisions of the zoning administrator to complete *de novo* review by the Board of Adjustment. Defendants argue that any alleged bias on the part of the zoning administrator may be challenged only before the Board of

Adjustment. We disagree. Plaintiffs here challenge the process and asked the court to rule on the validity and constitutionality of the ordinance under which the zoning administrator acted. They do not challenge whether the zoning administrator's decision was proper.

[2] However, in our view the ordinance at issue does not violate due process. We note that in *Mize v. Mecklenburg County*, 80 N.C. App. 279, 341 S.E.2d 767 (1986), this Court said:

> [T]he Board of Adjustment is an independent, quasi-judicial body whose decisions cannot be reviewed or reversed by the Board of Commissioners or the [county] manager. Further, we note that instances may arise where the position of the Board of Adjustment and the County of Mecklenburg may be adverse. The focus of the review under G.S. 153A-345(e) is on the decision of the Zoning Board of Adjustment. While the County delegates to the Board the authority to hear appeals of zoning cases, once the delegation has occurred the County has no power to influence the decisions of the Board.

*Id.* at 282-83, 341 S.E.2d at 769 (citations omitted). Plaintiffs contend that "[t]he opportunity for a later *de novo* hearing is of no constitutional relevance when an impartial tribunal is not first provided." They cite *Ward v. Village of Monroeville*, 409 U.S. 57, 93 S.Ct. 80, 34 L.Ed.2d 267 (1972). This is not a case where an impartial tribunal was not first provided. The cases plaintiffs cite are distinguishable from the instant case in that in those cases the initial tribunal had a direct stake in the outcome of the proceedings. Here, the allegations are simply that the zoning administrator is a county employee. That fact standing alone does not require the conclusion that he is biased in favor of the county. We note that generally

> [t]he same considerations which have led to the development of rules as to disqualification of judicial officers for bias or prejudice, based on personal interest or the like, have been generally recognized as applicable to administrative officials as well, insofar as they act in a judicial or quasi-judicial capacity. . . . Broadly, it may be said that to disqualify such an officer, there must be some clear showing of a rather direct, personal, and concrete interest in the outcome of the particular proceedings, other than the general interest of all members

of the community in seeing that the general objects of the zoning regulations are implemented.

Annotation, Disqualification for Bias or Interest of Administrative Officer Sitting in Zoning Proceeding, 10 A.L.R.3d 694, 696 (1966).

In our view, Mecklenburg County Ordinance 3124 meets the requirements of due process because it provides for review of permit applications by the zoning administrator, an unbiased administrative official. The decisions of the zoning administrator are then subject to *de novo* review by the Board of Adjustment, an independent, quasi-judicial body. *Mize v. Mecklenburg County*, 80 N.C. App. 279, 341 S.E.2d 767 (1986).

For the reasons stated, we reverse the judgment of the trial court and remand to superior court for proceedings not inconsistent with this opinion.

Reversed and remanded.

Judges JOHNSON and ORR concur.