## CITY OF RALEIGH v. HUDSON BELK CO.

[114 N.C. App. 815 (1994)]

CITY OF RALEIGH v. HUDSON BELK COMPANY, AND CVM ASSOCIATES

No. 9210SC1331

(Filed 17 May 1994)

**Zoning § 120 (NCI4th) — review of board of adjustment decision — board as necessary party**

> Where a city board of adjustment reversed the city zoning inspector's decision that the maximum size of signage on respondent's entire store was 300 square feet rather than a maximum of 300 square feet of signage per public street frontage, and the city petitioned the superior court for a review of the board of adjustment's decision, the trial court properly allowed respondent's motion to dismiss the case for failure of the city to join the board of adjustment as a necessary party to the lawsuit.

### Am Jur 2d, Zoning and Planning § 1042.

Appeal by petitioner City of Raleigh from order entered 19 October 1992 by Judge Robert L. Farmer in Wake County Superior Court. Heard in the Court of Appeals 16 November 1993.

*City Attorney Thomas A. McCormick, by Associate City Attorney Elizabeth C. Murphy, for petitioner appellant.*

*Manning, Fulton & Skinner, P.A., by John B. McMillan and Alison R. Cayton, for respondent appellee.*

COZORT, Judge.

Petitioner appeals the trial court's order dismissing its case for failure to join the local Board of Adjustment as a party in the superior court review of the Board's determination on a zoning issue. We affirm.

The facts pertinent to our review of the case are as follows: In the fall of 1991, CVM Associates (CVM), owners of the building leased by respondent Hudson Belk Company (Belk), at Crabtree Valley Mall in Raleigh, North Carolina, received a notice from the City Zoning Inspector alleging that on-premise signs were not in compliance with Raleigh City Code Section 10-2065.1(4). The code provision, which had been enacted on 1 July 1987, allows a maximum of 300 square feet of signage for certain businesses. Belk

displays three signs at the Crabtree Valley location on the outside of the building. One sign, on Blue Ridge Road, is 288 square feet, while the signs on the east and west sides of the store are 248 and 288 square feet, respectively.

The City Zoning Inspector explained to CVM that the signs were not in compliance because the maximum size of signing permitted on the entire store was 300 square feet, rather than a maximum of 300 square feet for each sign. On 23 September 1991, Belk appealed to the Raleigh Board of Adjustment (Board). The Board unanimously decided to reverse the Zoning Inspector's decision, finding that the city code allows up to 300 square feet of signing per public street frontage.

The City petitioned for a writ of certiorari to the superior court for a review to determine whether the Board's decision was supported by the evidence presented at the hearing. Belk moved to dismiss the case pursuant to N.C.R. Civ. P. 12(b)(7) for failure of the City to join the Board as a necessary party. On 25 September 1992, the trial court granted the motion to dismiss. The City appeals.

The City's primary contention on appeal is that the trial court erred in dismissing the action based on petitioner's failure to join the Board of Adjustment as a necessary party to the lawsuit. In essence, the City is asking us to ignore or overrule our decision in *Mize v. County of Mecklenburg*, 80 N.C. App. 279, 341 S.E.2d 767 (1986). In *Mize*, the petitioners challenged the decision of the Zoning Board of Adjustment pursuant to N.C. Gen. Stat. § 153A-345(e) by filing a petition for writ of certiorari in the superior court. The petitioners named only the county as a necessary party to the action, and the superior court granted a motion to dismiss pursuant to N.C.R. Civ. P. 12(b)(7) for failure to join the Zoning Board of Adjustment as a necessary party. In upholding the trial court's dismissal of the action in *Mize*, this Court explained:

> The Zoning Board of Adjustment is a necessary party because the Board is the agency having custody of the record that is being reviewed. Common sense and logic dictates such a result.
>
> [I]nstances may arise where the position of the Board of Adjustment and the County of Mecklenburg may be adverse. The focus of the review under G.S. 153A-345(e) is on the decision of the Zoning Board of Adjustment. While the County delegates to the Board the authority to hear appeals of zoning

cases, once the delegation has occurred the County has no power to influence the decisions of the Board. Thus, we hold that the Zoning Board of Adjustment is a necessary party respondent to a petition filed pursuant to G.S. 153A-345(e).

*Id.* at 282-83, 341 S.E.2d at 769.

We find no distinguishing features in the present case which would justify our failing to follow *Mize.* We are thus bound by our decision in *Mize. See In re Matter of Civil Penalty,* 324 N.C. 373, 379 S.E.2d 30 (1989). Accordingly, we hold the trial court did not err in granting defendants' motion to dismiss pursuant to N.C.R. Civ. P. 12(b)(7).

Petitioner submits that, in the event we decide not to revisit *Mize,* we should conclude nevertheless that the trial court erred in dismissing the case because the trial court could have joined the Board as a necessary party on its own motion. Petitioner claims the trial court should have added the Board as a party on its own motion, since five months elapsed between the time when the petition was filed and the hearing on the motion to dismiss. We decline to impose the responsibility of including the Board as a necessary party onto the trial court, when the petitioner has made no effort whatsoever to join the Board on its own and has made no request of the judge to add the party. The trial court's order dismissing the City's petition is therefore

Affirmed.

Judges EAGLES and ORR concur.