An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-777

NORTH CAROLINA COURT OF APPEALS

Filed: 7 January 2014

PHILADELPHUS PRESBYTERIAN FOUNDATION,
INC., CHRIS EMANUEL BAXLEY, DANNY
BULLARD & SYBIL BULLARD HARRIS, FRASER
& HARRIS, LLC, SHELLI BREWINGTON, RICKY
LYNN BRITT, PHIL LOCKLEAR & DEBORAH
LOCKLEAR, & MELANIE STRICKLAND HUNT,
    Petitioners

  v.

                                Robeson County
                                No. 12 CVS 2097

ROBESON COUNTY BOARD OF ADJUSTMENT,
ROBESON COUNTY BOARD OF COMMISSIONERS,
ROBESON COUNTY,
    Respondents


Appeal by petitioners from order entered 21 March 2013 by Judge Robert F. Floyd, Jr., in Robeson County Superior Court. Heard in the Court of Appeals 21 November 2013.

    *J. Gates Harris for Petitioners-Appellants.*

    *Parker Poe Adams & Bernstein, LLP, by Melanie Black Dubis and Matthew H. Mall, for Respondents-Appellees.*


    ERVIN, Judge.


    Petitioners Philadelphus Presbyterian Foundation, Inc., Chris Emanuel Baxley, Danny Bullard, Sybil Bullard Harris, Fraser & Harris, LLC, Shelli Brewington, Ricky Lynn Britt, Phil

Locklear, Deborah Locklear, and Melanie Strickland Hunt appeal from an order dismissing their *certiorari* petition and denying their motion to amend the petition in order to add a necessary party. Although Petitioners concede that they failed to join a necessary party at the time that they filed their petition, they contend that the trial court erred by depriving them of the ability to amend their petition to join the omitted necessary party and dismissing their petition instead. After careful consideration of Petitioners' challenges to the trial court's order in light of the record and the applicable law, we conclude that the trial court's order should be affirmed.

## I. Factual Background

On 2 July 2012, the Robeson County Board of Commissioners met for the purpose of considering an application filed by Buie Lakes Plantation, LLC, in which Buie Lakes sought the issuance of a conditional use permit authorizing the construction of a sand mining and processing facility. On 16 July 2012,[1] a decision determining that the application was complete, complied with all applicable land use ordinances, and should be approved was authenticated by the County clerk. The conditional use

---

[1]Although the Board appears to have approved the permit on 16 July 2012, Buie Lakes did not accept the terms upon which the issuance of the permit was conditioned until 9 August 2012 and the permit was not recorded in the office of the Robeson County Register of Deeds until 13 August 2012.

permit that Robeson County voted to approve set forth numerous detailed conditions to which Buie Lakes would have to assent in order to be allowed to construct and operate the proposed facility, including restrictions on the hours during which the facility was permitted to operate and a prohibition on the performance of certain blasting operations.

On 1 August 2012, Petitioners filed a petition requesting the issuance of a writ of *certiorari* for the purpose of seeking review of Robeson County's decision to approve the challenged conditional use permit and alleging that the issuance of the challenged conditional use permit was unlawful for numerous substantive and procedural reasons. On the same date, the Clerk of Superior Court of Robeson County issued a writ of *certiorari* requiring Respondents Robeson County Board of Adjustment and the Robeson County Commission to prepare and certify a record of the proceedings leading to the issuance of the disputed conditional use permit for delivery to the court. On 13 December 2012, Respondents filed a memorandum in which they disputed the validity of the arguments advanced in the petition and noted that, "[c]ontrary to the requirement of N.C. Gen. Stat. §§ 153A-

3549 and 160A-393, Petitioners did not name Buie Lakes Plantation as a party in the Petition for Writ of Certiorari."[2]

The matter came on for hearing before the trial court on 14 February 2013. During the course of this hearing, Respondents made an oral motion to dismiss the petition as the result of Petitioners' failure to join a necessary party under N.C. Gen. Stat. § 1A-1, Rule 12(b)(7). In response, Petitioners sought the entry of an order allowing them to amend their petition in order to name Buie Lakes as a party. At the conclusion of the hearing, the trial court orally announced that it would deny Petitioners' amendment motion and grant Respondents' dismissal motion. On 21 March 2013, the trial court entered an order denying Petitioners' amendment motion and granting Respondents' dismissal motion. Petitioners noted an appeal to this Court from the trial court's order.

## II. Legal Analysis

### A. Standard of Review

According to well-established North Carolina law, "compliance with the requirements for entry of notice of appeal is jurisdictional" and subject to *de novo review*. *State v.*

---

[2]Although Petitioners assert on a number of occasions in their brief that they were not aware of this deficiency in their petition and that they had been surprised when this contention was advanced at the hearing held before the trial court, the record plainly reflects that Respondents raised this issue at least two months before the hearing held in this case.

*Oates*, 366 N.C. 264, 266, 732 S.E.2d 571, 573 (2012) (citing *Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co.*, 362 N.C. 191, 197-98, 657 S.E.2d 361, 365 (2008) and *Harris v. Matthews*, 361 N.C. 265, 271, 643 S.E.2d 566, 570 (2007)). "A motion to amend is addressed to the discretion of the court, and its decision thereon is not subject to review except in case of manifest abuse." *Calloway v. Ford Motor Co.*, 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972).

## B. Dismissal of Petition

The issuance of a conditional use permit by a county agency "shall be subject to review of the superior court in the nature of certiorari consistent with [N.C. Gen. Stat. §] 153A-354." N.C. Gen. Stat. § 153A-340(c1). A petition seeking the issuance of a writ of *certiorari* for the purpose of obtaining judicial review of a decision to approve a conditional use permit must "be filed with the clerk of superior court within 30 days after the decision of the board is filed in such office as the ordinance specifies, or after a written copy thereof is delivered to every aggrieved party who has filed a written request for such copy with the secretary or chairman of the board at the time of its hearing of the case, whichever is later." N.C. Gen. Stat. § 153A-345(e2). According to N.C. Gen. Stat. § 153A-349(a), "[w]henever appeals of quasi-judicial

decisions of [county] decision-making boards are to superior court and in the nature of certiorari as required by this Article, the provisions of [N.C. Gen. Stat. §] 160A-393 shall be applicable to those appeals." Pursuant to N.C. Gen. Stat. § 160A-393(e), "[i]f the petitioner is not the applicant before the decision-making board whose decision is being appealed, the petitioner shall . . . name that applicant as a respondent." As a result, in order to properly challenge the issuance of the conditional use permit at issue here, Petitioners were required to file their petition in a timely manner, which they appear to have done, and to name Buie Lakes as a party respondent, which they did not do.

The trial court dismissed the petition with prejudice "for the failure of the Petitioners to join a necessary party." In support of this decision, Respondents cite *Whitson v. Camden Cnty. Bd. of Comm'rs*, 2013 N.C. App. LEXIS 766 (2013), in which this Court upheld the dismissal of a *certiorari* petition for lack of subject matter jurisdiction in light of the petitioner's failure to name the applicant as a respondent as required by N.C. Gen. Stat. § 160A-393(a). Although *Whitson*, as an unpublished decision, is not binding upon us, *e.g. Cary Creek Ltd. P'ship v. Town of Cary*, 203 N.C. App. 99, 106, 690 S.E.2d 549, 554, *disc. review denied*, 364 N.C. 600, 703 S.E.2d 441

(2010); N.C.R. App. P. 30(e)(3), we conclude that it is consistent with and compelled by our decision in *McCrann v. Village of Pinehurst*, __ N.C. App. __, 716 S.E.2d 667 (2011), in which the petitioner's challenge to the issuance of a conditional use permit was not filed within the thirty day period specified in N.C. Gen. Stat. § 160A-388(e2) and in which we held that this deficiency, like the failure to note an appeal in a timely manner, deprived the reviewing court of any jurisdiction to hear and determine the issues raised in the petition. *McCrann*, __ N.C. App. at __, 716 S.E.2d at 670 (stating that "'[t]he requirement of timely filing and service of notice of appeal is jurisdictional, and unless the requirement[ is] met, the appeal must be dismissed,'" and that "[w]e see no reason to treat the requirements for timely 'appeal' for judicial review . . . differently") (quoting *Reidy v. Whiteheart Ass'n*, 185 N.C. App. 76, 85, 648 S.E.2d 265, 271-72, *disc. review denied*, 361 N.C. 696, 652 S.E.2d 651 (2007), *cert. denied*, 552 U.S. 1243, 128 S. Ct. 1484, 170 L. Ed. 2d 298 (2008)).

Although the filing of a *certiorari* petition certainly bears some resemblance to the institution of a civil action, as Petitioners implicitly assert, the analogy between an appeal and a request for *certiorari* review made in *McCrann* is clearly the

correct one. In such *certiorari* proceedings, the "superior court is not a trier of fact, but assumes the posture of an appellate court." *In re Appeal of Willis*, 129 N.C. App. 499, 500, 500 S.E.2d 723, 725 (1998). More specifically, "[i]n reviewing zoning decisions, the trial court sits in the posture of an appellate court" and is charged with "'(1) [r]eviewing the record for errors in law; (2) insuring that procedures specified by law in both statute and ordinance are followed; (3) insuring that appropriate due process rights of a petitioner are protected, including the right to offer evidence, cross-examine witnesses and inspect documents; (4) insuring that the decisions of zoning boards are supported by competent, material and substantial evidence in the whole record; and (5) insuring that decisions are not arbitrary and capricious.'" *Ball v. Randolph Cnty. Bd. of Adjustment*, 129 N.C. App. 300, 302, 498 S.E.2d 833, 834 (quoting *Mize v. Cnty. of Mecklenburg*, 80 N.C. App. 279, 284, 341 S.E.2d 767, 770 (1986)), *disc. review improvidently granted*, 349 N.C. 348, 507 S.E.2d 272 (1998). For that reason, we conclude that the extent to which a trial court obtains jurisdiction to address the issues raised in a *certiorari* petition should be analyzed in the same manner as the extent to which an appellate court obtains jurisdiction over an appeal from the General Court of Justice or an administrative agency.

As the Supreme Court stated approximately a half century ago, "[t]here is no inherent or inalienable right of appeal from an inferior court to a superior court or from a superior court to the Supreme Court," so that "[n]o appeal lies from an order or decision of [a subordinate body] unless the right is granted by statute." *In re Halifax Paper Co.*, 259 N.C. 589, 592, 131 S.E.2d 441, 444 (1963). In view of the fact that "an appeal is not a matter of absolute right," "the appellant must comply with the statutes and rules of Court as to the time and manner of taking and perfecting his appeal." *Caudle v. Morris*, 158 N.C. 594, 595, 74 S.E. 98, 98 (1912). As a result, given that Petitioners violated the relevant provisions of N.C. Gen. Stat. § 160A-393(e) by failing to name Buie Lakes as a respondent, the trial court correctly dismissed their *certiorari* petition for lack of subject matter jurisdiction. *N.C. Cent. Univ. v. Taylor*, 122 N.C. App. 609, 612-13, 471 S.E.2d 115, 118 (1996) (stating that "[f]ailure to meet the pleading requirements for this extraordinary writ deprives the superior court of subject matter jurisdiction of the particular matter over which the moving party seeks review"), *aff'd*, 345 N.C. 630, 481 S.E.2d 83 (1997).

## C. Denial of Amendment Motion

Although they acknowledge that their petition as originally filed was flawed, Petitioners contend that the trial court erred by refusing to allow them to amend their petition so as to name Buie Lakes as a party respondent. In essence, Petitioners argue that the trial court acquired jurisdiction over the issues raised by their *certiorari* petition as a result of the fact that the petition in question was filed in a timely manner and should have allowed them to cure the deficiency in their original petition by amending that filing. We do not find Petitioners' argument persuasive.

The first, and most serious, problem with Petitioners' argument is that, for the reasons that we have already enunciated, the trial court lacked jurisdiction over the issues raised by the *certiorari* petition given Petitioners' failure to join Buie Lakes as a party respondent. According to well-established North Carolina law, "'[i]f a court finds at any stage of the proceedings that it lacks jurisdiction over the subject matter of a case, it must dismiss the case for want of jurisdiction.'" *Sarda v. City/Cnty. of Durham Bd. of Adjustment*, 156 N.C. App. 213, 215, 575 S.E.2d 829, 831 (2003) (quoting *State v. Linemann*, 135 N.C. App. 734, 739, 522 S.E.2d 781, 785 (1999)). As a result, given that the trial court lacked jurisdiction over this case as a result of Petitioners'

failure to join Buie Lakes as a party respondent, it also lacked the authority to allow them to amend their petition to cure this defect.

In seeking to persuade us to hold that the trial court did have jurisdiction to allow their amendment motion, Petitioners argue that the timely filing of their *certiorari* petition, standing alone, sufficed to give the trial court jurisdiction over their challenge to the issuance of the relevant conditional use permit regardless of their failure to join Buie Lakes as a party respondent. In support of this proposition, Petitioners cite N.C. Gen. Stat. § 63-34(a), which provides that a "petition [challenging a board decision] shall be presented to the court within 30 days after the decision is filed in the office of the board." As a result of the fact that the statutory provision in question relates exclusively to the adoption of airport zoning regulations and the fact that Petitioners have completely failed to satisfy the applicable jurisdictional prerequisites for the filing of a valid *certiorari* petition challenging the issuance of a conditional use permit as set out in N.C. Gen. Stat. § 160A-393(e), Petitioners' reliance upon N.C. Gen. Stat. § 63-34(a) is misplaced.

In addition, Petitioners argue that the trial court had the authority to allow, and was in fact obligated to allow, their

amendment motion pursuant to the principles enunciated in our decision in *Mize*. In *Mize*, the petitioners filed a petition seeking the issuance of a writ of *certiorari* for the purpose of challenging a decision that they could no longer use their land for airport-related purposes. 80 N.C. App. at 280, 341 S.E.2d at 768. Although the trial court dismissed the petition for failing to join a necessary party pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(7), *id.* at 281, 341 S.E.2d at 768, we reversed that decision on the grounds that a proceeding should only be dismissed based upon a failure to join a necessary party in the event that the defect in question could not be cured and that, since it was possible to join the missing party, the trial court abused its discretion by dismissing the review proceeding. *Id.* at 283-84, 341 S.E.2d at 769-70. Petitioners' reliance on *Mize* is, however, misplaced.

In deciding *Mize*, this Court specifically noted that:

> The language of [N.C. Gen. Stat. §] 153A-345 requires only that any petition seeking review by the superior court be filed with the clerk of superior court within 30 days after the decision of the Board is filed or after a written copy has been delivered to every aggrieved party. The petitioners complied with all the express requirements of this vague statute by filing a petition in Mecklenburg County Superior Court within 30 days of the decision of the Board.

*Id*. at 283, 341 S.E.2d at 769. As a result, although the *Mize* petitioners failed to join a necessary party, they did comply with all of the statutorily prescribed prerequisites for the filing of a valid *certiorari* petition. The same is not, however, true in this case given that Petitioners failed to comply with the additional statutory requirements for a valid *certiorari* petition spelled out in N.C. Gen. Stat. § 160A-393, a statutory section which was enacted over two decades after the issuance of our decision in *Mize*. 2009 N.C. Sess. Laws c. 421, s. 1(a). As a result, given that the petitioners' failure to join a necessary party in *Mize* did not, unlike the failure to join a necessary party at issue here, constitute a jurisdictional defect, *Mize* provides no basis for an award of the relief which Petitioners seek in this case.

Moreover, Petitioners contend that the trial court's refusal to refrain from allowing Respondents' dismissal motion and to allow their amendment motion instead is inconsistent with the principles enunciated in N.C. Gen. Stat. § 1A-1, Rule 15. Even assuming that N.C. Gen. Stat. § 1A-1, Rule 15, provided a basis for the allowance of Petitioners' amendment motion despite the fact that the trial court lacked jurisdiction over the petition due to Petitioners' failure to join Buie Lakes as a party respondent and, thus, applies in *certiorari* proceedings

such as this one, we still do not find Petitioners' argument persuasive.

As we have previously noted, the North Carolina Rules of Civil Procedure "govern the procedure in the superior and district courts of the State of North Carolina in all actions and proceedings of a civil nature except when a differing procedure is prescribed by statute," N.C. Gen. Stat. § 1A-1, Rule 1, including special proceedings. *See Macon v. Edinger*, 303 N.C. 274, 279, 278 S.E.2d 256, 259 (1981). However, neither this Court nor the Supreme Court has ever held that the North Carolina Rules of Civil Procedure, considered in their entirety, apply in *certiorari* proceedings conducted pursuant to N.C. Gen. Stat. § 160A-393, which, as we have already noted, bear a much greater resemblance to appellate proceedings than to ordinary civil actions. Although certain subsections in N.C. Gen. Stat. § 160A-393 provide for the utilization of specific provisions of the North Carolina Rules of Civil Procedure in *certiorari* proceedings, *e.g.*, N.C. Gen. Stat. §§ 160A-393(f) (requiring that service of the writ be effectuated in accordance with N.C. Gen. Stat. § 1A-1, Rule 4), and 160A-393(h) (providing for the consideration of intervention petitions in accordance with N.C. Gen. Stat. § 1A-1, Rule 24), nothing in N.C. Gen. Stat. § 160A-393 provides for the use of the procedures outlined in N.C. Gen.

Stat. § 1A-1, Rule 15, in such proceedings. However, despite the absence of any statutory justification for concluding that the principles enunciated in N.C. Gen. Stat. § 1A-1, Rule 15, should be incorporated into *certiorari* proceedings conducted pursuant to N.C. Gen. Stat. § 160A-393, we do agree that some sort of amendment procedure should, in appropriate circumstances, be available in such proceedings. As a result, we will assume, without deciding, that the principles enunciated in N.C. Gen. Stat. § 1A-1, Rule 15, govern the allowance of amendment motions in *certiorari* proceedings conducted pursuant to N.C. Gen. Stat. § 160A-393.

According to N.C. Gen. Stat. § 1A-1, Rule 15(a), a party to civil litigation has a right to amend his or her pleading as a matter of right prior to the service of a responsive pleading. After that point, however, the party must obtain leave of court to amend its pleadings, with the trial courts having been instructed that requested amendments should be "freely" authorized "when justice so requires." N.C. Gen. Stat. § 1A-1, Rule 15(a). "Acceptable reasons for which a motion to amend may be denied are 'undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice, and futility of the amendment.'" *Nationsbank of N.C., N.A. v. Baines*, 116 N.C. App. 263, 268, 447 S.E.2d 812, 815 (1994) (quoting *Coffey v.*

*Coffey*, 94 N.C. App. 717, 722, 381 S.E.2d 467, 471 (1989), *disc. review improvidently granted*, 326 N.C. 586, 391 S.E.2d 40 (1990)). Although "[a] claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading," N.C. Gen. Stat. § 1A-1, Rule 15(c), this "relation back" rule "does not apply to the naming of a new party-defendant to the action." *Crossman v. Moore*, 341 N.C. 185, 187, 459 S.E.2d 715, 717 (1995); *see also Piland v. Hertford Cnty. Bd. of Comm'rs*, 141 N.C. App. 293, 301-02, 539 S.E.2d 669, 674 (2000) (holding that "the plaintiffs' attempt to amend the summons and complaint in the instant case by changing the name of the party-defendant [in a case arising from a challenge to a rezoning decision] to Hertford County in place of the Board of Commissioners effectively seeks to add a new party-defendant rather than merely correct a misnomer, and the relation-back rule therefore cannot apply").

Although the trial court did not specify a ground for denying Petitioners' amendment motion in its order, the record clearly reflects that any amendment of the sort which Petitioners sought leave to make would have been futile. As we

have already noted, Petitioners were required to file their *certiorari* petition within "30 days after the decision of the board is filed in such office as the ordinance specifies, or after a written copy thereof is delivered to every aggrieved party who has filed a written request for such copy with the secretary or chairman of the board at the time of its hearing of the case, whichever is later." N.C. Gen. Stat. § 153A-345(e2). Given that the Board of Commissioners voted to approve the challenged conditional use permit on 2 July 2012 and that the written order approving the permit was certified on 16 July 2012, the amendment motion appears to have been made long after the expiration of the thirty day period specified in N.C. Gen. Stat. § 153A-345(e2). Since the amendment which Petitioners sought to make effectively added a party to this proceeding and since amendments adding new parties do not relate back to the time of the original filing, any amendment of the nature sought by Petitioners would have been futile. Thus, assuming that N.C. Gen. Stat. § 1A-1, Rule 15, governs the process of amending a *certiorari* petition filed pursuant to N.C. Gen. Stat. § 160A-393 and that, as Petitioners suggest, it provides an independent basis for the allowance of an amendment motion despite the fact that the trial court lacked jurisdiction over the underlying *certiorari* proceeding, the trial court had ample justification

for denying the proposed amendment on futility grounds and did not, for that reason, err by denying Petitioners' amendment motion.

In attempting to persuade us that their amendment was not subject to denial on futility-related grounds, Petitioners note that the thirty day period specified in N.C. Gen. Stat. § 153A-345(e2) did not begin to run until the date upon which the challenged decision was filed and argue that "the record prepared by Robeson County even fails to show when the time to file the petition expired." The fundamental problem with this argument is, however, that courts "will not take judicial notice of a municipal ordinance," *High Point Surplus Co. v. Pleasants*, 263 N.C. 587, 591, 139 S.E.2d 892, 895 (1965), and that compliance with any time limitations applicable to the filing of a *certiorari* petition constitutes a requirement which is jurisdictional in nature. *McCrann*, __ N.C. App. at __, 716 S.E.2d at 670. As a result of the fact that a valid *certiorari* petition must contain sufficient allegations to establish the court's jurisdiction, *Davis v. Hiatt*, 326 N.C. 462, 465, 390 S.E.2d 338, 340 (1990) (stating that, "if a petition alleges facts sufficient to establish the right of review on certiorari[,] its validity as a pleading is not impaired by the fact [that] the petitioner does not specifically pray that the

court issue a writ of certiorari"), and the fact that a "[f]ailure to meet the pleading requirements for this extraordinary writ deprives the superior court of subject matter jurisdiction of the particular matter over which the moving party seeks review," *N.C. Cen. Univ.*, 122 N.C. App. at 613, 471 S.E.2d at 118, the trial court lacked jurisdiction to consider the substantive allegations of the petition in the absence of an allegation and proof that the petition had been filed in a timely manner. In view of the fact that Petitioner failed to allege or prove the nature of the act which triggered the running of the thirty day period set out in N.C. Gen. Stat. § 153A-345(e2) as set out in the applicable Robeson County ordinance and the fact that the applicable thirty day period would have expired well before the date upon which Petitioners sought leave to amend their petition to add Buie Lakes as a party respondent on the basis of any of the dates specified in or inferable from the petition, the fact that the record does not definitively establish the date upon which the challenged conditional use permit was filed or served cuts against, rather than in favor of, Petitioners' position. As a result, none of Petitioners' challenges to the denial of their amendment motion have merit.

### III. Conclusion

Thus, for the reasons set forth above, we conclude that none of Petitioners' challenges to the trial court's order have merit. As a result, the trial court's order should be, and hereby is, affirmed.

AFFIRMED.

Judges CALABRIA and STEPHENS concur.

Report per Rule 30(e).